OPINION OF THE COURT.
THIS suit was brought in chancery by the present complainants, to recover one ninth part of a negro woman called Nan, and her increase.
They charge, that the negroes were willed by Martin Hardin, the rightful owner, in,1780, to the Children of Charles and Lydia Wickliffe, deceased, of whom, théy allege their deceased mother, Sarah Ewing,'formerly Sarah Wickliffe, to be one, and assert their right to the negroes through their mother and under the will of said Hardin.
The defendant admits, that Martin Hardin was formerly the rightful owner of a negro girl called Cate, the mother of the woman Nan, in contest; but be charges, thaj Cate was given and delivered by Hardin to his daughter Mary, shortly after her intermarriage with Robert Wickliffe in 1759, and that Cate and her increase have ever since been held by Wickliffe and. those claiming under him, as their exclusive property. He states, that Nan was born whilst Cate was so held by Wickliffe, and insists that Wickliffe, in consequence of the gift and possession of Cate and her increase, became Invested with the absolute property thereof, long before the date of Hardin’s will in 1780, and asserts the superior right to the negroes under a gift from said Wickliffe, &c.
*137 The court below decided against the right set up by 'the complainants, and dismissedJ>&©Lr bill.
In reviewing the decréé bf that co’urt, tlye main question for consideration an inquiry as to the right of Martin H'al-dih'to the. negroes in 1780, when he made his will. For if he then had no right to the negroes, it is obvious his'will can have conferred none on the children of Charles and Lydia Wickliffe, and consequently the complainants claiming through one of those children, cannot be entitled to relief.
Such of the evidence as has any bearing on this-question, may be said, in substance, to prove, that Robert Wickliffe married'the daughter of Martin Hardin ip. 1759, and shortly thereafter left the residence of said Hardin, in Fauquier county, Virginia, carrying with him, by the approbation of Hardin, a negro girl called Cate which had previously belonged to -Hardin, and settled in thecounty of Dumfries; that Cate remained in. the possession of Wickliffe, from the time he received her until his death in 17817, and during that time she bad several children, among the rest, Nan, one of the negroes in contest, and the mother of the others. -T„he witnesses by whom these facts were proved, could not state, in express terms, whether or not Cate .was absolutely given by Hardin to his daughter, or only loaned; un vlsat subject, they say that they heard nothing Said; but they recollect, that during the whole time Wickliffe held the possession of the negroes, be claimed and considered them as his property, though during the time they heard Hardin, on divers occasions, say he had only loaned Cate. and that she was still his.
It is pretty evident that Ifhe-title to negro Cate .did not pass from Hardin by the ^ift alleged-to have been made to Mrs. Wickliffe in 1755?. Althodii$r?, at the-time Cate was delivered to Wickiiife, there' may not have been any express declaration by Hardin, of an intention to give the girl, such an intention might bé fairly inferred, from the facts of the girl having, by his approbation, been carried with hiji 'daughter, shortly after .her marriage to-Wickliffe, to' fhe-^dfi'dence of Wickliffe, and.the continued possession of HiS-girl by Wickliffe, from the time he received her.uhfil his death. It is ■true, Hardin is proved to have - been heard to say, at different times whilst the negro was in the possession of Wickliffe, that he had not her; but'fyom any *138 thing contained in the evidence, those declarations may not have been made for many years after Wickliffe received the girl, and ought hot to be admitted to explain-away that inference which was deducible from his previous acts. It is evident, however, that Hardin never executed any writing to Wickliffe or his wife, for the girl; and according to the laws of Virginia in 1759, the title to'slaves could not pass under a parol gift. But admitting the title to the girl not to have passed by the gift to Wickliffe, it does not thence follow that she was the property of Hardin in 1780, when his will was made; for upwards of twenty years had elapsed after Wickliffe received the girl, and before the will was made; and the evidence proves satisfactoria, that during the whole time, Wickliffe held the possession of the girl, not as the bailee of Hardin, but in his own right*, claiming her as his’own. The possession of Wickliffe must, therefore, be considered adverse to the claim or title of Hardin; and that possession, we apprehend, conferred upon Wickliffe the absolute right to the negro, long before the date of Hardin’s will. Hardin appears to have labored under no disability, and could have maintained no action for the girl, after she had remained in the adverse possession of W ickliffe five years; and it has been held, both by the supreme court of the United States and the appellate court of Virginia, that the possession of a slave adversely for five .years, not only bars those laboring under no disability, of all remedy, but confers upon the possessor the absolute right of property.
We are aware, that in the case of Gaunt vs. Brockman, Hard. 331, a different opinion was intimated by this court; but-that opinion we suppose not to accord so well with the correct doctrine of the law, as the adjudications of the supreme court of the United States and the appellate court of Virginia. The possession of a slave, not only forms as high, but more satisfactory evidence of right, than the possession of land; and as, throughout all the gradations of title to land, the possessor, in virtue of his possession, becomes invested with the title, where, under the operation of the statute of limitations, the remedy is gone, so the adverse possession of a slave, so long as to bar any action which could he brought against the possessor, ought, a fortiori, to vest in the possessor the absolute right of property.
*139 jThe decree of the court below must consequently he affirmed with.costs. , * V't *