BEALE'S ADMINISTRATOR, Respondent, v. DALE, Appellant.

1. Where a father sends home with his married daughter a slave, saying at the time that he had given the slave to her, it will not be presumed, as a matter of law, to be an absolute gift.
2. In an action for the possession of a slave, in which the value of the slave was alleged to be nine hundred dollars, and the damages for the detention one hundred dollars, the jury did not find the value of the slave, but "assessed the *damages* at eight hundred dollars." *Quere:* whether a judgment for such sum could be supported ?

*Appeal from St. Clair Circuit Court.*

*F. P. Wright,* for appellant.

I. A new trial should have been granted on account of the verdict. The verdict was bad. · It only finds part of what. was in issue. The issues were, whether the slave belonged! to plaintiff as averred ; and if so, what was her value, and what the damages arising from the detention, if wrongfully··

20—VOL. XXV.

detained. The jury failed to find the value, and this omission is fatal. (1 Chit. Plead. 141 ; 7 Bacon Abr. Verdict. *m.*) The damages were too large—being assessed at eight hundred dollars, and the amount claimed being only one hundred.

II. The first and second instructions given on the part of the plaintiff are wrong ; the first is absolute, without reference to the disputed fact whether the slave was given to the wife for her separate use or not ; and if it was, the instruction is wrong. The second is a comment on the evidence, and also states that as a presumption of law which should have been found by the jury. The instructions asked by defendant should have been given. If the facts were as supposed in defendant's instructions, the administrator of Beale's estate could not recover in *any form of action.*

III. The judgment should have been arrested; it neither conforms to the relief sought nor to the verdict. The petition sought the recovery of the slave, and the judgment should have been for such recovery ; or rather the judgment should have been in the alternative, that the plaintiff recover the negro girl, or the value thereof if he can not have the, negro girl, and damages for the detention. (1 Chit. Plead. 141.) But judgment should not have been rendered for greater damages than claimed in the petition. The jury having failed to find the issues, the court would reverse the judgment, even if no motion in arrest had been filed. (3 Mo. 275 ; 5 Mo. 53 ; 9 Mo. 624.)

*Johnson* and *Gardenhire*, for respondent.

I. Both parties concede there was a gift ; respondent insisting it was absolute, and vested the slave in Beale, the decedent; and appellant, that it was conditional, and vested the slave in decedent's wife during life, and in her children afterwards. This was a question of fact submitted to the jury under instructions every way unobjectionable, and they found it for the plaintiff.

II. But it is insisted in this court that the verdict was for greater damages than asked in the petition, and that the jury

did not assess the value of the slave.   Neither of these objec-
tions appears in the motion for a new trial.   If valid, they
were certainly sufficient grounds for a new trial, and the at-
tention of the court below ought to have been called to them
in the motion for a new trial.   It was not done.   There is
nothing at all in the record to show that either of these ob-
jections ever was presented to, or thought of in, or decided
by, the court below.   This court only reviews such points as
the record shows were presented to and decided by the court
below.   It is a court of review.

III.  It can not be insisted that these objections were pre-
sented to and decided by the court in the motion in arrest of
judgment, and the decision of the court upon it.   A motion
in arrest is an attack upon the petition, as a motion for a new
trial is an attack upon the verdict.   There is no defect in the
petition ; the defect, if any, was in the verdict, and it was not
pointed out to the court in the motion for a new trial.   The
judgment conforms to the verdict, and the verdict is such a
one as will support the judgment; and, although the verdict
might have been attacked successfully in the motion for a
new trial, yet it was not so done, and it must stand, and
standing supports the judgment.

RYLAND, Judge, delivered the opinion of the court.

This is an action, instituted in the Circuit Court of St.
Clair county by Metcalf as the administrator de bonis non
of the estate of James Beale, deceased, against Dale, in the
nature of an action of detinue for the recovery of the posses-
sion of a negro girl slave.

The plaintiff alleges that Beale died the owner of the
slave ; that he, by virtue of his letters of administration, be-
came the legal owner of the slave, and as such was entitled
to the possession ; that defendant wrongfully detains the
negro girl; that the slave is of the value of nine hundred
dollars, and that the damages sustained in consequence of
the detention amount to one hundred dollars.   Plaintiff asks

judgment for the immediate possession of the negro girl slave, and for the damages for the detention. The defendant answered, denying the averments in the petition, and claims the negro as his own property.

It appears from the evidence set forth in the bill of exceptions that the wife of the decedent Beale, (who is now the wife of the plaintiff,) is the daughter of the defendant Dale. The negro girl in controversy was owned and raised by Dale. The evidence respecting the ownership of the slave at the time of the commencement of this suit consisted principally of the declarations of the defendant and of the deceased Beale. The plaintiff endeavored to prove that defendant gave the slave absolutely to his daughter in the lifetime of Beale. The defendant endeavored to prove that he gave the negro to his daughter during her life, and after her death to her children, but not to take effect until the death of defendant's wife. The evidence shows that nothing was said by defendant about giving the negro until some time during the last sickness of Beale. His daughter was then mother of several children by Beale. The jury found " the issues for the plaintiff, and assessed the damages at eight hundred dollars." The judgment is as follows: " It is therefore considered by the court that the said plaintiff have and recover of the said defendant the said sum of eight hundred dollars so assessed by the jury as aforesaid, together with his costs and charges in this behalf expended, and that execution issue therefor." As the court gave an improper instruction on the part of the plaintiff, and the judgment will in consequence have to be reversed, we have considered it most prudent not to give any intimation about the evidence. We shall therefore not make any statement of it particularly.

The law allows a person to make a parol or verbal gift of a slave, provided possession accompany the gift. The donor can not give and retain the possession verbally, but may give verbally and without writing if he give possession of the property to the donee at the time or shortly after, so that there be a transfer of the property and possession from the

Beale's Adm'r v. Dale.

donor to the donee, *bona fide*, changing the property and possession, divesting the same from one and investing it in the other. The law allows a person to give by parol a slave to his daughter for life, and at her death to her children, especially if she have children living at the time of the gift, and the possession accompany the gift. In such case the delivery of possession to the mother, the tenant for life, was a delivery *pro hac vice* to her children. This doctrine is plainly laid down by this court in Pemberton v. Pemberton, 22 Mo. 338. The court, in delivering the opinion, asked the question, " Was it in the power of the donor to make this gift to his daughter for life, and then to become the property of her children ? The children in this case were alive at the time the donation was made to their mother for life, and to them after her death. This donation gave the mother a life estate and a vested remainder to her children ; the delivery of the possession to the mother, the tenant for life, was a delivery *pro hac vice* to her children." The court also said in this case of Pemberton v. Pemberton : " Here is nothing but a simple donation of property to persons in being —the one to have it for life, and the others to have it after the first taker's death ; and where, in such gifts, the possession accompanies the property in the hands of the donees, there can not be a reasonable objection to their validity."

This case can only be viewed in one of three ways as regards the transaction between the defendant Dale and his daughter, Mrs. Beale. 1st. If the gift of the slave in question was made to the daughter absolutely, and was accompanied with the possession. 2d. If the gift was to her for her life, and her children after her death. 3d. If the gift was to be made and to take effect after the death of the defendant's wife—to be a future gift.

It is only in the event that the first proposition can be established by the testimony, that the plaintiff can be allowed to recover the slave or her full value. If either the second or third be the real state of the transaction, he can not recover the slave or her full value. If it be the third, he can not re-

cover any thing, for it is no gift. If the second, he as administrator is entitled only to the life-estate of the wife, and not the full value of the slave. The instructions therefore should be so framed as to embrace the law arising on either of these views.

The second instruction given for the plaintiff is wrong; it was calculated to mislead the jury, and for giving this the judgment must be reversed. This instruction is as follows: " If the jury shall believe from the evidence that Nancy Beale, now wife of said plaintiff, is the daughter of defendant, and that defendant sent the slave Susan home with her, and that defendant at that time said that he had given Susan to her, without any other explanation of his intention whether it was an absolute gift to her or not, and that defendant permitted said slave to remain in her or her husband, James Beale's, possession until the death of the said Beale, it is to be presumed, unless disproved by other evidence, that the slave was given absolutely as an advancement to his said daughter Nancy Beale."

This doctrine of presumption that property sent home by a father with his daughter and son-in-law, upon their going to commence housekeeping first after their marriage, will be considered as an advancement to his daughter and son-in-law, has never been carried to the extent heretofore as it has been in this case. Here the facts show that Beale and his wife had four or five children; had in all probability been keeping house for years; that Beale was in very feeble health, and that the daughter was in need of assistance to save her from severe menial labor—even out-door labor. Now to hold that in such cases, a father sending a servant to his daughter and saying he had given her the servant, and his permitting the servant to remain with his son-in-law and daughter until the death of the son-in-law, " it is to be presumed, unless disroved by other evidence, that the slave was given absolutely as an advancement to the daughter," is supported by no authority that we can find, and is in our opinion unwarranted. In Mulliken v. Greer, this court said: " The circumstance

of the slaves' being sent home with the daughter of the defendant and wife of the plaintiff, when she left her father's house soon after marriage to go to the house of the husband, most certainly does not amount to a gift or transfer of the title to the slaves, although they remained there about one year till the death of the plaintiff's wife.   But the sending of the slaves at the time and suffering them to remain was strong evidence from which a jury might well presume a gift."   Here the situation of the parties is regarded—soon after marriage—about to go to the husband's house—having just left the father's house.

The doctrine of such acts being evidence from which a jury might presume that the father made an advancement to his daughter of the slaves or property upon her leaving his house—her former home—and being about to commence with her husband housekeeping, shortly after marriage, is fully sustained by numerous decisions of the highest courts in some of our sister states.   But in no case that we have seen has the doctrine been stretched so far as this instruction carries it.   (Carter's Exec'rs v. Rutland, Hayw. 97 ; Moore's Adm'r v. Dawney, 3 Hen. & Munf. 127 ; Brashears v. Blassingame, 1 Nott & McCord, 223 ; Thompson v. Caldwell, 3 Littell, 137 ; Smith v. Montgomery's Adm'r, 5 Mon. 502 ; Bell v. Strother & Buchanan's Exec'rs, 3 McCord, 207 ; Oldron v. Powell, 7 Ala. 655.)   This court has held the same doctrine.   This instruction had a direct tendency to mislead the jury.

This suit is for the negro girl and for damages for detention of the girl, stated at one hundred dollars ; yet the verdict is for eight hundred dollars damages, without saying any thing about the value of the girl.   The plaintiff says he is entitled to the immediate possession of the girl slave, and for which he asks judgment, as well as for said damages sustained for said caption and detention.   Here his prayer is for judgment delivering to him the girl—the specific property—and damages for detaining from his possession the girl for one hundred dollars.   Now the verdict and judgment are

silent as to the value of the girl and her possession, and alone sound in damages—$800. Now for what is this amount given? For the value of the girl? It can not be for the damages only in detaining her from the plaintiff's possession, for he estimates these damages at one hundred dollars only. This matter is jumbled up without care or skill, and the court below should not have suffered it to remain so. If it were for the full value of the slave, and the jury should find that the gift was one to the wife of Beale for her life and her children afterwards, then the administrator of Beale's estate is not entitled to the full value of the slave, but to the value only of Mrs. Beale's life interest in her.

Again, the plaintiff had better be more particular next time; he should well pause and reflect whether, when he sues for a specific article in his petition, he can name the proper judgment in such a petition and take a judgment for damages only. If a person sued in detinue at common law, the judgment for the plaintiff was that he recover the specific article sued for, and if it could not be had then the value thereof—not the article or the value, giving plaintiff choice which he would take, but for the value if the article could not be had. (Poler & Bentlet v. Hardyman & wife, Yelverton, 71 *b.*; 7 Mass. 414.) "Judgments in *detinue* are always conditional when in favor of the plaintiff, to recover the thing sued for, or, if it can not be found, its equivalent in damages." In New York it is said the action to recover the possession of personal property is one peculiar in its character and object. The code has given it in place of the former action of replevin, and its design is to subserve the same purpose. (Chappel v. Skinner, 6 How. Prac. R. 339.) The actions for injuries by force to property, and claims to recover the possession of personal property, are substantially different causes of action. These actions are what were formerly known by the respective names of *trespass de bonis asportatis* and *replevin*; and these actions, under the present as well as the former practice, are concurrent actions—the same state of facts sustaining the action in either form. It is the judg-

ment demanded which determines to which class it belongs; and where the complaint asks for damages and not for the possession or return of the property, the action comes within the class which was formerly denominated trespass, and not replevin; and therefore the plaintiff, in such a case, is not entitled to the benefit of the proceedings provided by the chapter concerning claim and delivery of personal property to obtain the immediate delivery of the property. (Spalding v. Spalding, 1 Code Rep. 64; 3 How. 297, 377; N. Y. Code, 1852, 3d ed., p. 218.) If the plaintiff's action be detinue, he can not change it by a judgment for damages only. He must be held to the action and the relief given under it. When a man sues in detinue for the specific species of property—a horse for instance—the death of the horse before the defendant makes his plea or answer will most materially affect the plaintiff's action; but not so if the suit was *trespass de bonis asportatis*. (See Polk's Adm'r v. Allen, 19 Mo. 468.)

I have thought it proper to make these suggestions for the benefit of the parties, if they think proper to have another trial. The new code of practice has had its effect upon lawyers and suitors, and sometimes it appears as though neither party was any the better or wiser on account of it. Let the judgment be reversed and the cause remanded for further proceedings; Judge Scott concurring.