20545. ROBERTS *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY *et al.*

STEPHENS, J. 1. Where a person is employed to sell, by distribution over neighboring territory, the products of the employer, by operating from a plant belonging to the employer, under a contract, terminable at the will of the employer, by which the employee is described as a "commission agent" for the employer, and is to conduct the business under instructions from, and on terms and conditions prescribed by, the employer, his compensation being a percentage of the gross receipts from the sales after they have been remitted to the employer, whose property

they are, the person so employed is the employer's agent for the sale and distribution of the latter's products.

2. Where an agent is employed under a contract of agency to perform duties which must, from the nature of the business, necessarily be performed by subagents, as where the agent is employed to sell the products of his principal, an oil company, which include gas and oil, by causing the products to be delivered by trucks operated by drivers employed and paid by the agent, and where the principal has the right to exercise such control over the drivers of the trucks as to see that they perform their duties properly and suggest that they be "fired," and to require that they be selected from a designated class,—as that they be white men,—and the principal instructs the drivers to keep the trucks clean and "looking nice" and reports to the agent failures on the part of the drivers to do the work to the satisfaction of the agent's employer, and makes these reports to the agent instead of to the drivers as a matter of policy only, the inference is authorized that the drivers, when delivering the products of the principal, are the agents of the principal. This is true notwithstanding the agency contract provides that the agent shall indemnify the principal against all acts and omissions of the former's agents, employees, and servants. *Phipps* v. *Gulf Refining Co.*, 25 *Ga. App.* 384 (103 S. E. 472) ; *Gulf Refining Co.* v. *Harris*, 30 *Ga. App.* 240 (117 S. E. 274), and Texas Co. *v.* Brice, 26 Fed. (2d) 164, are distinguishable on the facts.

3. Where in such a case a driver was killed by being run over by an automobile while he was standing by his truck engaged in making deliveries of the products which he was employed to deliver, the industrial commission was authorized to find that the injury arose out of and in the course of the driver's employment as agent for the oil company whose products he was delivering, and as such was an employee of the oil company entitled to compensation under the workmen's compensation act. The driver's wife was entitled to compensation from the oil company and the insurance carrier. The superior court erred in sustaining the appeal. See *U. S. F. & G. Co.* v. *Stapleton*, 37 *Ga. App.* 707 (141 S. E. 506), distinguishing *Ga. Ry. &c. Co.* v. *Middlebrooks*, 34 *Ga. App.* 156 (128 S. E. 777).

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 16, 1931.

*McDonald & McDonald,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendants.