*Rodney S. Cohen,* for plaintiff in error.
*Isaac S. Peebles Jr., Nathan Jolles,* contra.

## 23368.  JOINER *v.* SINCLAIR REFINING COMPANY.

DECIDED JANUARY 29, 1934.

*C. C. Crockett, L. F. Watson,* for plaintiff.
*Adams & Nelson, Stanley A. Reese, William Brunson,* for defendants.

STEPHENS, J. 1. Where a contract between an oil company and the operator of a service station, which provides that the operator "shall act as retail agent" for the oil company for the purpose of selling at retail, at prices fixed by the company, products furnished him by the company in quantity, kind, and variety which in the judgment of the company the business of the service station warrants, that he shall sell the company's products on such terms only as the company may authorize, his compensation to be a stipulated commission upon the sales, that he shall account to the company out of the monies due him under the contract for all

shortages or losses in sales, collections, or deliveries of the products of the company or any equipment of the company under his control, that he shall operate the station in the manner and according to regulations specified in the contract, such as employing no improper methods in securing business, making reports and transmitting information to the company on terms required by the company, keeping the station in a condition clean and orderly in conformity to the company's standards, permitting no nuisance or loitering about the station, that he shall observe the company's rules and instructions applicable to agents and any special instructions which the company may give him, that either party may terminate the contract at will without cause, and upon the termination of the contract all the equipment, property, and products in his possession belonging to the company shall be delivered to the company, that the company shall at all times have the right to audit his books and accounts and inventories and stocks on hand pertaining to the station, and, notwithstanding the contract provides that he shall pay cash, less his commissions, for all products furnished him, shall employ on his own account the necessary labor at the station and furnish the necessary tools and equipment not supplied by the company, furnish water, light, power and heat, and obtain in the name of the company the required license to do business, and be responsible for the acts of the employees resulting in loss or damage to the company, and give a surety bond to the company indemnifying it against loss of its products or property in his custody and control, the contract establishes a relationship by which the oil company has the right to direct the operator of the station as its agent, in the manner, means and methods of performing his services and duties under the contract, and therefore establishes the relationship of master and servant between the parties. *Roberts* v. *United States Fidelity & Guaranty Co.*, 42 *Ga. App.* 668 (157. S. E. 537) ; Magnolia Petroleum Co. *v.* Johnson, 149 Ark. 553 (233 S. W. 680) ; Buchholz *v.* Standard Oil Co., 211 Mo. App. 397 (244 S. W. 973) ; Greene *v.* Spinning, — Mo. — (48 S. W. (2d) 51, 55).

2. The relationship between the parties to a contract is determinable by the contract and the rights established thereunder. Where a contract of employment gives to the employer the right to control the manner, means, and methods by which the employee performs the duties required of him under the contract, the rela-

tionship of master and servant is thereby established between the parties. Where the contract is not afterwards changed by any subsequent agreement, or by any act of one party acquiesced in by the other amounting to a deviation of the terms of the contract, a mere failure of the employer, where the contract establishes the relationship of master and servant, to assert his right under the contract to control the manner and the means and methods by which the employee performs the work, as by not interfering therein, and the employee performs the work in such a manner as he sees fit, does not change the relationship between the parties as being that of master and servant as established by the contract.

3. In a suit to recover damages for an injury to the plaintiff arising from an explosion of oil at a service station, alleged to have been caused by the defendant's negligence, where the defendant pleaded in abatement of the suit that the relationship between the parties was that of master and servant, and that the injury was compensable under the workmen's compensation act and the plaintiff had no right of recovery at common law, and where it appeared, without contradiction, from the evidence adduced upon the trial of the issue formed by the plea in abatement, that the plaintiff operated the service station for the defendant under a contract by which the plaintiff was the servant of the defendant, and from evidence offered by the plaintiff, which was excluded over objection, that the defendant did not exercise any right of control over the manner, means, and method by which the plaintiff conducted the business in operating the service station, did not pay the plaintiff any wages, or pay him any money for his services, but that the plaintiff paid the defendant, at a price less than the retail price to customers, for all gas which the defendant delivered to him, and "resold" it to the public, the inference was demanded as a matter of law that the relationship between the parties was that of master and servant, as established by the contract.

4. Since it was conceded that the only issue for determination was whether the evidence demanded a finding that the relationship between the parties was that of master and servant, and that otherwise the injury sued for was, as against the defendant, compensable under the workmen's compensation act, the court did not err in excluding the evidence objected to and in directing a verdict for

the defendant, and in afterwards overruling the plaintiff's motion for a new trial.

*Judgment affirmed.* *Jenkins, P. J., and Sutton, J., concur.*