24183. CLEVELAND-OCONEE LUMBER COMPANY v.
ANDERSON, adm'r.

STEPHENS, J. 1. Evidence that a claimant for compensation under the workmen's compensation act was employed by the day for daily wages as a laborer to paint smokestacks, that paint and brushes and two helpers to assist him in the work were to be furnished by the employer, and that no directions were to be given by him to the helpers, authorizes an inference that he was an employee and entitled, upon a proper case made, to compensation under the workmen's compensation act, and was not an independent contractor.

2. Where the director of the Department of Industrial Relations, in reviewing the evidence, including the evidence above referred to, which was in the testimony of the claimant, concluded that the claimant was an employee entitled to compensation under the act, a finding by the Department of Industrial Relations, on appeal from the finding of the director, that the conclusions of law and findings of fact of the director are approved and the award of compensation to the claimant is affirmed, is an approval of the findings of the director based upon all the evidence, including the testimony of the claimant, and is an affirmance of the award based thereon. Where, in addition to the finding of the Department of Industrial Relations approving the finding of the director, in affirming the award made by the director, which is based upon all the evidence adduced upon the hearing, the department further finds that the evidence of the witnesses for the employer (assuming that the testimony of the claimant was not here considered) is such that in the opinion of the department "it will be necessary to find that" the claimant was an employee of the company against whom compensation is claimed, the award of the department is nevertheless based upon all the evidence, including the testimony of the claimant, and the award of the department is not subject to the objection that it is based solely upon the testimony of the witnesses for the employer. Assuming that the evidence of the witnesses for the employer demanded a finding that the claimant was an independent contractor, and not an employee entitled to compensation, the award finding the claimant to be an employee entitled to compensation, which is based upon all the evidence, including the testimony of the claimant, is not without evidence to support it.

3. The evidence authorized the award of compensation, and the superior court did not err in affirming the award.

        *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 18, 1935. REHEARING DENIED MARCH 1, 1935.

*Weltner, Meadow & Russell, E. W. Jordan,* for plaintiff in error. *Mayo & McMillan, Harris & McMaster, Edward F. Taylor,* contra.