26527. RICHARDS *v.* MARCO REALTY COMPANY.

DECIDED JANUARY 22, 1938.

*D. F. Black, A. C. Corbett,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendant.

FELTON, J. This case came to this court on exceptions complaining of the ruling of the superior court in vacating an award made by the industrial commission in favor of the plaintiff. The sole question presented is whether under the undisputed testimony of the plaintiff he was an employee or an independent contractor. The plaintiff testified as follows: "I got just the job for the brick work. I did the brick by the thousands. I went and came when I got ready. I worked when I got ready. I did not have any particular hours for working. Mr. Taylor, the president of the

Marco Realty Company, did not give me any instructions about how to work and when to work or anything like that. I got a trade with him for laying brick on the building for $11.50 a thousand. I hired helpers. I paid the helpers from the money I made on the thousand brick. I paid my helpers $2 a day. I had one helper, and I hired him and gave him instructions about when to work, and so on. Mr. Taylor did not have anything to do with that part of it. He did not undertake to give instructions about when to work and when to stop work, or anything like that at all. If I felt like working I could work; and if I didn't I didn't work. I paid my helper from the money I got. I got from $50 to $60 per week, and I paid him off $12 a week. My contract was that I was to lay the brick according to the blue print at so much a thousand brick. I got paid off at the end of the week according to the amount of brick I laid. I could have hired three or four persons to help me. The only thing Mr. Taylor looked to me for was the completion of the brick work on the house. I was to complete the brick work on the house. I could have come out there and not laid a brick, and hired a couple of men and let them lay the brick, and I could get the money and pay off the men. I could do that, but preferred to do a little work myself."

The industrial commission in making an award to the plaintiff cited the cases of *Joiner* v. *Sinclair Refining Co.*, 48 *Ga. App.* 365 (172 S. E. 754), *Swift & Co.* v. *Alston*, 48 *Ga. App.* 649 (173 S. E. 741), and *Cleveland-Oconee Lumber Co.* v. *Anderson*, 50 *Ga. App.* 613 (178 S. E. 753), as sustaining the award. We are unable to agree to this view. In the case of *Joiner* v. *Sinclair Refining Co.*, the written contract between the plaintiff and the defendant established the relation of master and servant, the contract by its terms giving to the defendant the power to control the manner, means, and methods of performing the contract. In *Swift & Co.* v. *Alston*, the court based its decision not upon whether the employer did actually control the manner, means, and time of doing work, but whether the employer had the *right* to control the manner, means, and time of doing the work. The court in that case went further, and said that from the very nature of the employment (unloading cars of coal) it was to be presumed that the employer had the right to so control the work. In *Cleveland-Oconee Lumber Co.* v. *Anderson* there was a conflict in the evidence as to the con-

tract of employment; and the court simply held that there was evidence to support the award of the commission. In the instant case the testimony of the plaintiff shows that his trade was a specialized one, and that the Marco Realty Company not only did not, but had no right to, control his method, means, or time of carrying out his contract; and the only inference that can be had from this testimony is that the plaintiff was an independent contractor. *Zurich General Accident Insurance Co. v. Lee,* 36 *Ga. App.* 248 (136 S. E. 173); *Irving v. Home Accident Insurance Co.,* 36 *Ga. App.* 551 (137 S. E. 105); *Bentley v. Jones,* 48 *Ga. App.* 587 (173 S. E. 737); *Bibb Manufacturing Co. v. Martin,* 53 *Ga. App.* 137 (185 S. E. 137); *Yearwood v. Peabody,* 45 *Ga. App.* 451 (164 S. E. 901). The court did not err in vacating the award of the industrial commission.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*