**TRADERS & GENERAL INSURANCE CO., Appellant,**

v.

**B. H. FERRIS, Appellee.**

**No. 6762.**

Court of Civil Appeals of Texas.

Amarillo.

March 31, 1958.

Rehearing Denied April 28, 1958.

Simpson, Clayton & Fullingim, Amarillo, Chas. H. Dean, Plainview, for appellant.

Ross H. Scott, Dallas, for appellee.

NORTHCUTT, Justice.

This is a compensation case. One R. C. Woolard was a building contractor and had entered into a contract with Tom and J. D. Clay to build what was to be known as a Magnolia Station. The appellant here had issued to R. C. Woolard a compensation policy. The appellee contracted with Woolard to lay the blocks in the building at the rate of 20 cents per block. Woolard furnished blocks, cement and sand, and the appellee's brother and son mixed the cement, sand, and water. Appellee furnished the help of his brother and son and the only compensation paid them was what appellee gave them. There is no question about the appellee being injured on this job, and the sole question presented here is whether the appellee was an employee of Woolard under the terms of the Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq., or an independent contractor.

Appellee contracted to lay the blocks in the building at the rate of 20 cents per block and to furnish his own help and tools. He was not paid any wages at all other than the 20 cents per block. Woolard never told appellee how many hours to work a day nor what hours to work. Appellee never had any withholding tax held out against him but he paid his own employment tax on what Woolard paid him and reported he was self-employed. Woolard never instructed appellee in the nature of his work as to how he should accomplish the result of laying the blocks except as to the corners and this was when appellee told Woolard the blocks would not come out even and would extend beyond the corner and Woolard told appellee to just cut them off.

So far as actual facts are considered the case of Richards v. Marco Realty Co., 57 Ga.App. 242, 194 S.E. 880 is almost identical with this case as to the facts, and it was there held that the party was an independent contractor.

It is stated in the case of Herndon v. Halliburton Oil Well Cementing Co., Tex. Civ.App., 154 S.W.2d 163, at page 168 (writ refused):

"Every contractor is from necessity subject to some sort of general direction, supervision or control by the owner. Otherwise the undertaking and investment would be subject to considerable hazards. To take one out of the class of independent contractor it is essential that the direction, supervision or control go further than to the ends sought, and must extend to the details of the work."

There is nothing in this record to show that Woolard had the right to or did anything in the supervision of the details of the work.

We realize in reviewing a judgment awarding compensation on the basis of a jury's findings that appellee was an employee and not an independent contractor, evidence must be considered in the light most favorable to the verdict. But under this record and the holdings in the above cases as well as the holding in the case of Shannon v. Western Indemnity Co., Tex.Com.App., 257 S.W. 522, by the Supreme Court, we are of the opinion that appellee was an independent contractor and not an employee within the terms of the Workmen's Compensation Act.

Judgment of the trial court reversed and judgment rendered that appellee take nothing by his suit. Judgment reversed and rendered.