A. F. DALEY, by brief, *contra.*

---

TEEM *v.* THE TOWN OF ELLIJAY.

1. Where a person against whom a municipal corporation is proceeding to collect taxes, on litigation ensuing after the seizure of his property the release of which he has procured by giving bond and security, proposes a compromise and, the terms being accepted, gives his promissory notes payable at future dates for the amount agreed upon, and afterwards voluntarily pays the notes, he cannot recover back the money as money paid under duress,

and a finding of the jury to the effect that there was no duress is correct.

2. A claim arising out of an alleged tort cannot be joined in the same action with a claim for money had and received, the rule of the code being that plaintiff may join all causes of action of like nature; causes *ex delicto* cannot be joined with causes *ex contractu.*

*Judgment affirmed.*

March 31, 1892. By two Justices. Argued at the last term.

Municipal corporations. Duress. Actions. Torts. Before Judge MADDOX. Gilmer superior court. October term, 1890.

Action by Teem against the Town of Ellijay, alleging as follows: Defendant is indebted to him $500 besides interest, for that on January 12, 1889, it addressed to him a communication in writing, stating that it had a claim against him for license tax on the sale of liquors in that town in the year 1887, in the sum of $10,000, which he was requested to settle by the 15th of January, 1889, or the town would proceed to collect the same,—signed by three persons composing the town council. He had not applied to the defendant for a license to sell, vend or furnish liquor in any way within its corporate limits during 1887, and was [not] engaged as a business in the sale of liquor therein by retail or otherwise; and refused at that time to accede to defendant's unlawful demand. Thereupon the defendant issued an execution against him for $10,000 and placed it in the hands of a levying officer for collection, with instructions to seize plaintiff's property to satisfy it; and the execution was levied on his property. The declared intention of defendant was to bankrupt and maliciously destroy his business in the town, and to this end John P. Perry, the agent and attorney of defendant, visited the creditors of plaintiff in Atlanta and told them of the levy of the execution and of the disastrous results that would follow, and procured all evidences of debt held by M. C. Kiser & Co., and demanded

immediate payment thereof. Silvey & Co., who then held claims, also presented them. Plaintiff's indebtedness amounted to $3,000 to these firms, and other sums aggregating $1,000 were pressed at once. Defendant notified him that if he did not settle said claim, two or three other levies would be made and his business as a merchant would be utterly destroyed. He gave a $10-000 forthcoming bond in the first case, for the purpose of testing the validity of said extraordinary and illegal procedure. He was notified of other threatened *fi. fas.* and levies; and being unable to give security on so many bonds for the payment of the sums aforesaid, and to prevent the forced sale of his property, the utter destruction of his credit and the wreck of his fortune, he paid defendant $200 cash and delivered to it four notes for $75 each, dated January 17, 1889, and due March 1st, April 25th, June 25th and August 25, 1889, giving security thereon; and paid each note as it fell due. At no time did he owe defendant any of said sums, but was compelled to pay them for the causes aforesaid, and that he had no means of warding off this sharp and quick process of law. He rested under no legal liability to pay said several sums, and they are now due him with interest. He has demanded the same, but the defendant refuses to pay any part thereof. The execution was issued and levied two years after the alleged violation of the town ordinance, and without trial or opportunity to be heard; and the action of the defendant was without law to support it, an usurpation of power, fraudulent and void. In addition to the sums of money so paid by him, he has been damaged by the defendant in the further sum of $5,000, for that on January 17, 1889, while pursuing his business as a merchant, hotel-keeper, etc., the defendant, by its agents and servants, with malicious and fraudulent intent to injure him, entered his hotel and storehouse and levied a pretended and fraudulent execution upon the goods therein, when

in fact he never owed defendant anything, never was sued or served or cited to appear in any court to answer any case wherein defendant was plaintiff and he was defendant. His credit was assailed, and he was compelled to sell at a ruinous discount five hundred gallons of whisky and other personal property at a loss of $500, to meet liabilities not pressing before said unlawful levy. By amendment he alleged that he was compelled by stress of circumstances as set out in his declaration, to sell three thousand gallons of whisky which he had on hand or deposit, at a loss of fifteen cents per gallon, to meet demands not before pressing him, all the direct result of defendant's illegal and fraudulent acts as above set out. He did not sell any liquor during either of said years and was not liable for said tax. After the return of J. P. Perry, the agent and attorney of defendant, he was notified that Perry had procured from M. C. Kiser & Co. a large amount of indebtedness to plaintiff and intended to press the same, and that defendant would issue two other executions against him for $10,000 each and require him to give two other bonds of $20,000 each. Knowing that be could not give them and arrest the proceeding, he paid the sum of $500 as before set out, after his goods had been levied on, under protest and compulsion and to save his goods and merchandise from immediate sale.

The verdict was in favor of the defendant. The plaintiff moved for a new trial on the grounds, that the verdict was contrary to law and evidence, and that the court erred in sustaining the demurrer to that part of the declaration setting out the tortious act of plaintiff and the resulting and direct damages growing out of the levy of the *fi. fa.* The motion was overruled, and the plaintiff excepted.

C. D. Phillips and G. R. Brown, for plaintiff.

Clay & Blair and J. P. Perry, *contra.*