18929. PERRY *v.* GRIFFIN *et al.*

B. L. Milling, Aldine Chambers, for plaintiff.

Bryan & Middlebrooks, W. Colquitt Carter, for defendants.

JENKINS, P. J. 1. The motion to dismiss the bill of exceptions must be overruled, since the judgment of the trial court sustaining the demurrer did, by its terms, dismiss the petition if not amended to meet the demurrer within fifteen days, and the time thus allowed had expired without such amendment, before the bill of exceptions was sued out. Georgia Railway & Power Co. v. Kelly, 150 Ga. 698, 699 (105 S. E. 300). The case differs from those decided by this court in Massengale v. Colonial Hill Co., 34 Ga. App. 807, 809 (131 S. E. 299), and Insurance Company of North America v. Folds, 35 Ga. App. 720 (1) (135 S. E. 107), since in those cases the time allowed for amendment had not expired when the bill of exceptions was sued out.

2. A litigant is privileged to waive his contract and sue in tort (Civil Code of 1910, § 4407), except where the neglect of duty complained of, as distinguished from the negligent performance of duty, is specifically provided for by the contract itself. Howard v. Central of Ga. Ry. Co., 9 Ga. App. 617 (1) (71 S. E. 1017); Fain v. Wilkerson, 22 Ga. App. 193 (2) (95 S. E. 752).

3. There is a principle of law which forbids a joint action against two or more persons or corporations for injuries sustained by reason of their independent tortious conduct, but that rule does not have application, even though actual, voluntary, and intentional concert of action is lacking, if their separate acts of negligence tend naturally and directly to produce a single injury. Jolly v. City of Atlanta, 37 Ga. App. 666 (2) (141 S. E. 223). But an action in tort can not be joined with one in contract. Teem v. Ellijay, 89 Ga. 155 (15 S. E. 33) ; Houze v. Blackwell, 20 Ga. App. 438, 440 (93 S. E. 16).

4. In the instant case, while the action against the dentist for malpractice admittedly sounds in tort, the action against the corporation sought to be joined in the same suit, based upon its failure in its contractual duty to furnish a skilful practitioner to

perform the work, appears, both from the original petition and from the petition as amended, to sound in contract. In the amendment to the petition it is specifically charged that the defendant corporation "failed and neglected to perform its contract made with petitioner," in that it failed and neglected to procure the services of an experienced practitioner, as it had "contracted to do." While there is a rule that in the absence of a special demurrer a petition will be construed in favor of the pleader as to the nature of the cause of action declared upon, so as to preserve rather than to defeat his action *(Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (3), 108 S. E. 311), in the instant case, in which the petition as amended was specially demurred to on the ground that there was a misjoinder of causes of action, and the plaintiff, after having been given fifteen days to amend her petition to meet such objection, refused to do so, the judgment declaring that the petition would stand dismissed upon the plaintiff's failure to amend the suit within the time allowed will not be set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*