## MARTIN *v.* NEWBERRY.

No. 7206. JANUARY 14, 1930.

*Love & Fort,* for plaintiff in error. *G. C. Palmer,* contra.

PER CURIAM. Essie Coulter, afterwards by marriage Essie Coulter Newberry, brought suit against Roy E. Martin. The cause of action was in five counts, as follows: (1) for damages of $50,000, for injury to her reputation; (2) for damages of $50,-000, on account of her illegal arrest and detention; (3) for damages of $50,000, for malicious prosecution and arrest and incarceration of petitioner; (4) for cancellation of a deed as having been obtained under duress; (5) for money had and received. The defendant filed demurrers general and special. A ground of demurrer insisted that there was a misjoinder of causes of action. The court sustained the general demurrer to counts 1 and 3, and

overruled the demurrers to counts 2, 4, and 5. The defendant filed exceptions pendente lite. The case proceeded to judgment against him. His motion for new trial was overruled. Error is assigned on this judgment, and on the overruling of the demurrers as above stated.

■ The court erred in overruling the demurrer which attacked the petition on the ground that there was a misjoinder of causes of action. The second count prays for damages for false imprisonment. The fourth count prays for equitable relief, to wit, a decree canceling a deed executed by the petitioner to the defendant. The fifth count prays judgment for money had and received. Civil Code (1910), § 5521; *Teem* v. *Ellijay*, 89 *Ga.* 154, 155 (2) (15 S. E. 33); *Hutchens* v. *Seaboard Air-Line Ry.*, 144 *Ga.* 312, 315 (2) (87 S. E. 28); *Western & Atlantic R. Co.* v. *Brown*, 102 *Ga.* 13 (29 S. E. 130); *Herring* v. *Smith*, 141 *Ga.* 825 (2-a) (82 S. E. 132); *Willis* v. *Galbreath*, 115 *Ga.* 793 (42 S. E. 81); *Houze* v. *Blackwell*, 20 *Ga. App.* 438 (93 S. E. 16).

■ Properly construed according to the facts alleged, the fifth count avers a transaction which partakes of the nature both of a tort and a contract. Accordingly, the petitioner could waive the one and rely solely upon the other. Civil Code (1910), § 4407. Since in that count the prayer is for the sum paid by petitioner to the defendant, "and interest from June 29, 1926, for money had and received," this amounts to a waiver of the tort and an election to sue on the implied contract on the part of the defendant to repay the $1,000 to the petitioner, with interest. "The law allows a plaintiff to embrace in one petition as many causes of action as he sees proper, provided that they are all of the same character; that is, all sound in tort, or all sound in contract." *Southern Ry. Co.* v. *Chambers*, 126 *Ga.* 404 (5), 410 (55 S. E. 37, 7 L. R. A. (N. S.) 296); Civil Code (1910), § 5521.

■ Upon the filing of the remittitur from this court in the superior court, if the petitioner amends the fifth count of his petition by striking therefrom the prayer for interest, and the allegation as to money had and received, and also count four, praying for cancellation, the court is directed to overrule the demurrer; upon failure to so amend, the demurrer will be sustained.

*Judgment reversed, with direction. All the Justices concur.*