No. 34,601

Forest D. Siefkin et al., *Appellees*, v. George Siefkin et al., as Executors of the Estate of D. R. Siefkin, Deceased, *Appellants*.

(92 P. 2d 1005)

Opinion filed August 7, 1939.

*Robert C. Foulston, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellants.

*Dean Lachenmyer,* of Wichita, for the appellees.

The opinion of the court was delivered by

Wedell, J.: This was an action to obtain a declaratory judgment interpreting two sections of the new probate code. The question presented is whether an estate may be closed prior to the expiration of nine months after July 1, 1939, the effective date of the new code, where the estate had been in the process of administration for over one year prior to July 1, 1939. The district court ruled it could be, and the executors appeal.

The trial court made the following findings of fact, which are not challenged:

"The court finds that D. R. Siefkin died testate, a resident of Wichita, Sedgwick county, Kansas, on the 19th day of October, 1937, and that on the 25th day of October, 1937, the last will and testament of D. R. Siefkin, deceased, was duly admitted to probate in the probate court of Sedgwick county, Kansas; and that the defendants, George Siefkin and Rachel L. Spradling, were on said date duly appointed executors of said estate, and that they duly qualified on said date as such executors, and that letters testamentary were issued

to them, and that the said George Siefkin and Rachel L. Spradling are still the duly appointed, qualified and acting executors of said estate.

"The court further finds that insofar as the executors know, all of the debts of said estate have been paid, and that the federal estate tax and the state inheritance tax have been duly determined and paid.

"The court further finds that more than one year has elapsed since George Siefkin and Rachel L. Spradling qualified as executors of said estate, and that said estate has not been previously closed, for the reason it was kept open for final determination of state inheritance tax and federal estate tax which have now been determined, and that said estate is ready to be closed, but that no petition for final discharge was filed prior to July 1, 1939.

"The court further finds that Forest D. Siefkin, Ruth M. Siefkin Bacon, May B. Short, Rachel L. Spradling, Ernest R. Siefkin and George Siefkin are the sole residuary devisees and legatees under the last will and testament of said decedent.

"The court further finds that an actual controversy exists between the plaintiffs and the defendants herein, as to whether or not the estate of D. R. Siefkin should be closed.

"The court further finds that at the time of the appointment and qualification of said executors, there was in force and effect a nonclaim statute, being section 22-702 of 1937 Supplement to General Statutes of Kansas, 1935, and the statute of limitations, section 22-727 of the General Statutes of Kansas, 1935, which barred all claims which were not exhibited or set for hearing within one year from the date that said executors qualify.

"The court further finds that the 1939 legislature of the state of Kansas passed an act known as the Kansas probate code, being chapter 180 of the Session Laws of 1939, which became effective July 1, 1939, and in which act the above-mentioned sections of the statute effective at the time of the qualification of said executors, were repealed, and a new nonclaim statute, being section 215 of article 22 of chapter 180 of the Session Laws of 1939, was passed, which provides, in part, as follows:

" 'In any estate in the process of administration at the time of the taking effect of this act in which any executor or administrator has not been discharged, all demands . . . not exhibited as required by this act within nine months after the taking effect of this act shall be forever barred . . .' "

"The court further finds that the defendants contend that the repeal of section 22-702 of the 1937 Supplement to General Statutes of Kansas, 1935, and the repeal of section 22-727 of the General Statutes of Kansas of 1935, and the adoption of section 215 of article 22, chapter 180 of the Session Laws of 1939, extends the time within which claims may be filed against said estate, in event there should be any such claims, for a period of nine (9) months from the effective date of said act; and that the plaintiffs contend that the passage of said act by the 1939 legislature does not extend the time within which claims can be filed against said estate.

"The court further finds that a controversy has arisen between the plaintiffs and defendants herein, as to whether or not, in event section 215 of article 22, chapter 180 of the Session Laws of 1939, extends the time within which claims may be filed against said estate, the executors can make application, pursuant

to section 281 of article 26 of chapter 180 of the Session Laws of 1939, for permission to proceed with the closing of said estate under and pursuant to the procedure under the former statute in effect prior to July 1, 1939, and if the probate court of Sedgwick county, Kansas, should determine that to hold said estate open longer would not be feasible and would work an injustice, such order would have the effect of putting into operation the prior nonclaim statute and the statute of limitations applicable prior to July 1, 1939; and if such an order was made by the probate court, to proceed under the old statute, whether the executors could proceed in part under the old statute, so as to bring the former nonclaim statute and the statute of limitations into operation, and then proceed under the new statute with the remainder of the proceedings for closing the estate, so as to have a determination of heirship, which would bind real property in said estate.

"The court further finds that there is considerable real property in said estate which will go to the residuary devisees under said last will and testament.

"The court further finds that section 215 of article 22, chapter 180 of the Session Laws of 1939, and section 281 of article 26, chapter 180 of the Session Laws of 1939, should be construed by this court.

"The court further finds, from the evidence, that the members of the Bar Association of the state of Kansas, and particularly the Bar Association at Wichita, Kan., are not agreed upon the construction to be placed upon said statutes, and that great public interest is involved, in view of the many estates pending in the probate court of Sedgwick county, Kansas, and other portions of the state of Kansas; and that the said statutes should be construed by this court in order that the executors herein may proceed with the further administrations of said estate, or the closing of the same, without subjecting themselves to liability and without clouding the title to the real property involved in said estate."

The two principal provisions of the code to which our attention is directed are sections 215 and 281. The former section reads:

"All demands, including demands of the state, against a decedent's estate, whether due or to become due, whether absolute or contingent, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor, or indemnitor, and including the individual demands of executors and administrators, not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment: *Provided,* That the provisions of the testator's will requiring the payment of a demand exhibited later shall control. No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of his death, unless an executor or administrator of his estate has been appointed within one year after the death of the decedent and such creditor shall have exhibited his demand in the manner and within the time herein prescribed. In any estate in the process of administration at the time of the taking effect of this act in *which any executor or administrator has not been discharged, all demands,* including demands of the state, whether due or to become due, whether

absolute or contingent, including any demands arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor or indemnitor, and including the individual demands of executors and administrators, *not exhibited as required by this act within nine months after the taking effect of this act* shall be forever barred from payment by any such executor or administrator unless a provision of a will requires payment of any such demand exhibited later. This section applies to both domiciliary and ancilary administration." (Our italics.)

The latter section provides:

"The rules of procedure herein prescribed shall govern all probate proceedings brought after they take effect and also all further procedure in probate proceedings then pending, except to the extent that in the opinion of the court their application *in a particular proceeding* when they take effect would not be feasible or would work injustice, in which event the former *procedure* applies. This act shall take effect and be in force on and after July 1, 1939, and after its publication in the statute book." (Our italics.)

It should be noted that under the issues joined and under the undisputed facts the only actual controversy presented is whether the executors may be discharged prior to nine months from July 1, 1939. It clearly appears the estate is now fully administered with the possible exception of the payment of the costs of administration. No demands of any kind or character are pending, none are known to exist and we are advised by appellants that they know of no claim of any kind or character which had not become barred before the new code became effective on July 1, 1939. The only real controversy which could possibly arise, in the instant case, is therefore whether the new code revived the remedy as to demands which were effectually barred prior to July 1, 1939, and extended the period of limitation nine months after July 1, 1939.

We shall first consider section 281. We do not think it was intended the provisions of that section should relate to statutes of nonclaim or limitation. The italicized word "procedure" refers to procedure under the former law and we think was intended to refer to the mode or method of bringing and conducting litigation under the former law rather than to the time within which it was required to be commenced. This intention, it seems to us, is also rather clearly indicated by the use of the deliberately selected words previously employed, to wit, *"in any particular proceeding."* In other words, it appears it was intended that where some *particular proceeding,* in the course of administration, had been instituted prior to the effective date of the new code and in the opinion of the court

the application of the new rules of procedure would not be feasible or would work an injustice, if that particular procedure were disrupted, that then the procedure under the former law should apply.

What about section 215? Was it the intention of the lawmakers to tie up the settlement of the voluminous number of decedents' estates for nine months after July 1, 1939, where all claims against the estates had been effectually barred under the former law prior to that date? We do not think so. Had such been the intention, it easily could have been expressed in a few words and undoubtedly would have been done. Statutes of limitation are presumed to be prospective and not retrospective in their operation in the absence of clear legislative intent to the contrary, and the presumption is against an intent on the part of the legislature to make a statute retroactive. (17 R. C. L., Limitation of Actions, § 28. On questions of construction where the constitutionality of such statutes is involved, see, also, 17 R. C. L., Limitation of Actions, § 29.)

Moreover, it clearly appears to have been the legislative intent to speed up rather than to delay the settlement of decedents' estates. Otherwise there would have been no occasion to reduce the period for exhibiting claims from one year to nine months. We have no hesitancy in saying that it was not the legislative intent to revive demands which were effectually barred prior to the effective date of the new code. That, as heretofore stated, answers the only possible controversy in the instant case. The trial court, at the request of the parties, made conclusions of law on questions relative to which no actual controversy exists in the instant case. We have no doubt such conclusions were made with the view of obtaining a speedy interpretation and thus to be generally helpful to both the bench and bar. Concerning those conclusions, we express neither approval nor disapproval at this time. We readily confess that, prompted by the same motives as the trial court, we likewise are tempted to go beyond the actual controversy presented. Upon deliberate consideration, however, we have concluded the best results will be obtained by meeting questions of interpretation as and when the actual controversies arise.

There is one subject which does not pertain to interpretation of the new code which the respective parties have stressed and which we pause to note. That question deals with the power of the legislature to revive barred claims. An actual controversy on that ques-

tion could, of course, arise in the instant case only in the event such legislation had in fact been enacted. The question, if before us, would not be entirely new in this state. That title to property, *real or personal*, which had become fully vested, could not be arbitrarily divested by a subsequent act extending the time for filing actions is settled law in this state. (*Bowman v. Cockrill*, 6 Kan. 311, 340; *Terrill v. Hoyt*, 149 Kan. 51, 57, 87 P. 2d 238.) That such legislation would deprive a person of property without due process of law in contravention of constitutional guaranties is clear. (*Stewart v. Keyes*, 295 U. S. 403, 79 L. Ed. 1507; *Terrill v. Hoyt*, supra.) See, also, annotation, 36 A. L. R. 1316; 12 C. J., Constitutional Law, § 576 (3). In the early Bowman case, *supra*, it was said:

"After a cause of action is once barred by a statute of limitations it is not in the power of the legislature to revive it by subsequent legislation; 6 Wis. 527; 11 Wis. 371, 432, 442; 13 Wis. 245; 8 Blackford, 506; 2 Ind. 647; 3 Littell 137; 1 English 495, 496; 5 Metc. (Mass.) 400, 411; 3 N. H. 473; Angell on Limitations, 19, note, and cases there cited. (But see the case of *Swickard v. Bailey*, 3 Kan. 507, 513, and the distinction there made between limitations and prescriptions.)" (p. 340.)

It is true some conflict of opinion exists relative to the legislative power to revive barred claims of a purely personal character. (12 C. J., Constitutional Law, § 576 [3].) In the instant case claims completely barred before the effective date of the new code, if revived, would constitute not only a personal demand, but would also encumber the title to the land passing under the will to the residuary devisees, which title had become ripened and unassailable prior to July 1, 1939. It therefore follows that if the secondary question were before us, the result would be the same, namely, that the administration of the instant case may be closed without delay.

The judgment of the district court is affirmed as to the actual controversy of whether the new code revived demands barred prior to July 1, 1939. As to the conclusions of law on other questions, we express no views in the instant case.