## EVANS *et al.* v. CITIZENS AND SOUTHERN NATIONAL BANK, executor, *et al.*

No. 16914. JANUARY 12, 1950. REHEARING DENIED FEBRUARY 17, 1950.

444

*Blalock & Blalock, Gibson & Maddox,* and *Memory & Memory,* for plaintiffs.

*Hitch, Morris, Harrison & Smith, R. Basil Morris, G. H. Mingledorff,* and *E. O. Blalock,* for defendants.

WYATT, Justice. 1. Under the facts appearing from the foregoing statement of facts, the first question presented is, whether or not the plaintiffs in error are barred from maintaining the instant suit by reason of their election to pursue an inconsistent remedy prior to the filing of this suit.

"The caveat filed by these plaintiffs in the court of ordinary was finally dismissed for want of prosecution, without a hearing on the merits. This court has more than once ruled that there need be no adjudication of the plaintiff's rights in the prior proceeding in order to make available the defense of election of remedies. If he chooses the position he will occupy, and appeals to the courts on one theory, that is an election of such remedy, and he can not thereafter maintain a suit to enforce the alternative remedy. *Board of Education* v. *Day,* 128 *Ga.* 167 (supra), and authorities there cited; *McClellan* v. *McClellan,* 135 *Ga.* 95 (68 S. E. 1025); *Warner* v. *Hill,* 153 *Ga.* 510, 513 (112 S. E. 478); *Chapple* v. *Hight,* 161 *Ga.* 629 (131 S. E. 505). See also *Hardeman* v. *Ellis,* 162 *Ga.* 664 (135 S. E. 195); *Johnson* v. *Epting,* 185 *Ga.* 667 (196 S. E. 413)." *Beard* v. *Beard,* 197 *Ga.* 487-491 (29 S. E. 2d, 595). "Where one is in a situation in which he may elect between two inconsistent positions or proceedings, the choice of his position or proceeding must be

made before bringing suit. He can not bring either action without selecting and determining to accept and occupy a position consistent with that action or position and inconsistent with the other. If with knowledge he chooses the position he will occupy, it would be trifling with the court to allow a change. Since the choice is made and one of the alternative positions or proceedings has been adopted, the act operates at once as a bar to the other and the bar is final and absolute." *Hardeman* v. *Ellis*, 162 *Ga.* 664-685 (135 S. E. 195).

"A petition by the sole heirs at law of the maker of a deed to cancel the deed, is properly dismissed where it appears therefrom that the grantor left a will devising the same land, which will has been offered for probate, and a caveat thereto filed by the heirs at law, and the issue thereby made is still pending and undetermined in the court of ordinary." *Murray* v. *McGuire*, 129 *Ga.* 269 (58 S. E. 841). "Whether or not there has been an election of remedies is determined by the commencement, not by the result of the action." *Board of Education* v. *Day*, 128 *Ga.* 165.

The doctrine of election of remedies, as appears from the authorities cited above, has been definitely adopted as a rule of law in this State. It is also well established that when the suit is filed, the election is then made, and thereafter an inconsistent remedy can not be pursued; provided, the action first taken was with knowledge of all essential facts. The caveat filed in the court of ordinary by the plaintiffs in error to the application of Citizens and Southern National Bank for discharge as executor sought to prevent the discharge because the bank stock in question had been fraudulently sold for less than its value until and unless the executor had accounted to the plaintiffs in error for the difference in the sale price of the stock and its real value. The instant case seeks to declare the sale of the stock void for fraud, and to cancel and set aside the sale. These two remedies are, of course, inconsistent. The plaintiffs in error can not affirm the sale and require an accounting by the executor based on the actual value of the stock, as is sought to be done in the court of ordinary, which proceeding is now pending, and also set the sale aside and recover the stock itself, as is sought to be done in the instant case.

The executor was also trustee of a trust estate under the

terms of the will, and in both capacities was authorized to sell the property belonging to the estate at private sale without any order of court. The instant suit, as originally filed, alleged that the stock was sold by Citizens and Southern National Bank as executor. By amendment it is alleged that, while the bank purported to sell the stock as executor, and signed the transfer of the stock as executor, in fact the bank sold the stock as trustee. The amendment alleges that, when the caveat was filed in the ordinary's court, the plaintiffs in error did not know that the stock was sold by the bank as trustee, and also alleges that the plaintiffs in error did not know of the fraud practiced. A mere reading of the caveat, a copy of which was attached to the petition in the instant case, reveals that the fraud was alleged in the caveat. This being true, the one substantial fact alleged by way of amendment as being unknown to the plaintiffs in error when the caveat was filed is the allegation that the plaintiffs in error did not know that the sale was made by the bank as trustee instead of in the capacity of executor.

It is contended that the doctrine of election of remedies is not applicable for the reason that the plaintiffs in error, when the caveat was filed, acted without knowledge of substantial facts, and that the court of ordinary does not have jurisdiction to require an accounting of the bank as trustee. As above stated, the caveat itself discloses that the plaintiffs in error knew all the substantial facts when the caveat was filed except the allegation to the effect that the stock was sold by the bank as trustee and not as executor.

The question is presented under these allegations: Does the court of ordinary have jurisdiction? "While any such liability of the defendant must be predicated upon its duties as executor, and not as trustee, even if the language of the will could be construed as impliedly making the defendant a trustee and as creating in it a devise in trust, still the allegations of the petition were insufficient to charge the defendant as such a trustee. 'All property, both real and personal, being assets to pay debts, no devise or legacy passes the title until the assent of the executor is given to such devise or legacy.' Code, § 113-801. Even where the same person is expressly or by implication made trustee as

well as executor, the administration of the executor does not end until there is a delivery, express or implied, to the trustee, upon assent of the executor, express or implied, to the legacy in trust." *Robinson* v. *Georgia Savings Bank and Trust Co.*, 185 *Ga.* 688, 693 (196 S. E. 395). " 'While a person may occupy the dual status of executor and trustee, where it becomes important to ascertain whether he was acting in the one or the other capacity, it will ordinarily be held that an executor does not change his status to that of trustee until completion of administration as executor, or until legal ascertainment and separation of the trust funds from the general funds of the estate, although after lapse of a reasonable time for settlement of an estate an executor may be regarded as a trustee.' 65 C. J. 641, § 511 (e). 'One who is a testamentary trustee as well as executor holds the funds as executor until his final account as such is settled, and he can not properly assume the rights and duties of trustee until the court has approved his accounts . . and ordered a distribution of the estate.' 24 C. J. 935, § 2319 (e). 'If one is executor or administrator and also guardian of a beneficiary he holds the estate first of all as executor or administrator, and does not hold anything as guardian which is not separated from the assets of the estate or placed properly to his account as guardian. So too if an executor is also the designated trustee under a will he comes into possession as executor, and his election afterward to hold as trustee must be manifested by some plain and unequivocal act.' 24 C. J. 52, § 470." *Perdue* v. *McKenzie*, 194 *Ga.* 356, 362 (21 S. E. 2d, 705).

In the instant case, the sale of stock in question was made long before there could have been any distribution under the terms of the trust provisions of the will. The administration of the estate could not have been, and was not, at that time completed. The petition shows that the transfer of the stock was signed by the bank as executor and not as trustee. Construing the petition most strongly against the plaintiffs in error, as must be done, the petition shows that the stock was sold by the bank as executor. We do not hesitate to say that, when called upon for an accounting in the court of ordinary, the bank as executor, under the facts here alleged, can not be heard to say, "the fraud charged against me was what I did in the capacity as trustee

and not as executor. It follows that the court of ordinary does have jurisdiction under the facts alleged in the instant case, and the plaintiffs in error having elected to pursue the remedy of an accounting as against the executor for the alleged fraud, could not later proceed to set the sale aside for the same alleged fraud. For a good discussion of this question and a collection of authorities, see the note to Lindburg *v. Engster*, 116 A.L.R. 601.

Nothing said in *Deas* v. *Jackson,* 204 *Ga.* 134 (48 S. E. 2d, 878), is in conflict with the ruling here made. In that case the petition for accounting filed in the ordinary's court was withdrawn before the petition in equity was filed. It also appears in that case that the petitioners in the equitable suit were entirely ignorant of all the alleged fraud when the petition for accounting was filed in the ordinary's court. In the instant case, the petition itself discloses that the petitioners were not ignorant of the alleged actions of fraud when the caveat was filed in the ordinary's court.

The stipulation appearing in the statement of facts can not alter what has been said above in so far as the instant case is concerned, for the reason the purchaser of the stock did not stipulate, and, of course, is not bound by the stipulation. Whether or not the other parties to this cause of action, in view of the above-stated rules of law, would or would not be bound by this stipulation is not necessary to decide, and we do not decide.

It follows from what has been said above that the petition was properly dismissed on general demurrer. In this view of the case, it is not necessary to pass upon the questions raised by the special demurrers, or any other question raised.

*Judgment affirmed. All the Justices concur.*