36710. DIXIE CONSTRUCTION COMPANY OF GEORGIA, INC. *v.* WILLIAMS, Commissioner.

DECIDED MAY 17, 1957.

*Hitch, Miller & Beckmann, John E. Simpson, R. M. Hitch,* for plaintiff in error.

*Eugene Cook, Attorney-General, H. Grady Almand, Jr., William L. Norton, Jr., Assistant Attorneys-General, Sheldon C. Dorough,* contra.

QUILLIAN, J. 1. The defendant contends that any liability for the use tax purchase made by it in April, 1951, was barred by the statute of limitation as set forth in Code § 92-3447(a). This section, as originally drawn, read as follows: "The amount of taxes imposed by this law shall be assessed within three (3) years after such taxes became due and payable, and no proceeding of any kind for the collection of such taxes, interest or penalty shall be begun after the expiration of such period." In 1953 the Code section was amended by adding the following: "Provided, however, in the case of a false or fraudulent return with intent to evade payment of taxes imposed by this Act or a failure to file a return, the tax may be assessed or a proceeding in court for the collection of such tax may be begun without assessment at any time." At the time that this amendment was enacted three years had not elapsed and the statute of limitation as provided in Code § 92-3447 (a) as originally enacted had not run as to the purchase in question.

The controlling question in this case is whether the amendment would affect a sale which had taken place less than three years prior to the passage of the amendment.

In *Walker Electrical Co. v. Walton,* 203 *Ga.* 246, 249 (46 S. E. 2d 184) it was held: "The rule with reference to retrospective statutes has been repeatedly held by this court to be limited to substantive rights and not to the remedy. In *Knight v. Lasseter,* 16 *Ga.* 153, it was held: 'For the purpose of operating on the remedy only, the legislature may, undoubtedly, pass retrospective acts; and for such purposes, they are not unconstitutional.' In *Searcy v. Stubbs,* 12 *Ga.* 439, it was held: 'Remedial statutes are not inoperative, although of a retrospective nature, provided they do not impair contracts, and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations.'

"In *Aycock v. Martin,* 37 *Ga.* 124, 177 (92 Am. D. 56), it was

held: 'It is now clearly established by repeated decisions that the legislature may pass laws altering, modifying, or even taking away remedies for the recovery of debts without incurring a violation of the clause in the Constitution which forbids the passage of ex post facto laws, or laws impairing the obligation of contracts.' "

Statutes of limitation look only to remedy and not to substantive rights, and, unless the cause of action is barred at the time of the passage of the act extending the statute of limitation, it will be effective. *Atlantic Loan Co.* v. *Peterson*, 181 *Ga.* 266 (182 S. E. 15); *Darby* v. *Cook*, 201 *Ga.* 309 (39 S. E. 2d 665); *United States Fidelity &c. Co.* v. *Toombs County*, 187 *Ga.* 544 (1 S. E. 2d 411). "No man has a vested right not to pay a tax or other obligation which he really owes. So that an extension of the time within which the obligation may be enforced, or the entire abolition of the limitation, is within rightful legislative power." In re McClure Co., 21 Fed. 2d 538, 540.

In the present case the 1953 amendment of Code § 92-3447 (a) had the effect of extending the statute of limitation as to the collection of the use tax, and the trial judge did not err in ruling against the affidavit of illegality.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*