42958.   HAYES v. CENTURY 21 SHOWS, INC.

Argued June 30, 1967—Decided October 9, 1967.

Woodruff, Savell, Lane & Williams, Edward L. Savell, Ronald L. Davis, for appellant.

Gambrell, Russell, Moye & Killorin, Charles A. Moye, Jr., David A. Handley, for appellee.

DEEN, Judge. ■ Under *Code* § 105-106 the plaintiff cannot base her action on a tort resulting from the violation of a duty arising only by reason of the defendant's contract with Coosa Valley Fair Association, Inc., unless she "would have had a right of action for the injury done independently of the contract." See *Stuart v. Berry,* 107 Ga. App. 531 (130 SE2d 838). The negligence alleged was that there was a malfunction in the Sky-liner, a device owned and operated by an independent contractor brought in by the defendant under a profit sharing arrangement and subject in certain general aspects of its operation to the latter's control. Under *Code* § 105-501 the defendant is not responsible for torts of an independent contractor unless the situation comes within the statutory exceptions, one of which is that where the operation is dangerous in itself or is in the performance of a duty imposed by statute it is nondelegable. Of course one of the statutory requirements (*Code* § 105-401) is that where the occupier of land induces others to come upon his premises he must exercise ordinary care to keep the premises safe. "It is generally held that an 'operator' actually engaged in the

conduct of a place of amusement, whether as owner, lessee, or general concessionaire, as distinguished from the owner of a place of amusement who merely leases the entire premises to an operator, cannot avoid liability for injuries to patrons resulting from the defective or dangerous condition of the premises, or from defective amusement apparatus or devices upon the ground that such premises or devices are under the control of and are used by a concessionaire. Liability is predicated either upon (1) the nondelegable duty of the operator to maintain a reasonably safe place for his patrons, in accord with which he must answer for the negligence of the concessionaire or the latter's employees in rendering the premises unsafe, or merely upon (2) the general ground that an operator is responsible for his breach of duty to keep the premises reasonably safe." 4 AmJur2d 186, Amusements and Exhibitions, § 64. See to the same effect 86 ALR2d, Anno., pp. 350, 356 and cases cited therein; Dockery v. World of Mirth Shows, Inc., 264 N. C. 406 (142 SE2d 29). The principle that, as between the amusement park proprietor and the public, the former has a general duty to see that exhibition grounds are safe for those to whom an invitation to enter is extended was discussed with approval in *Southeastern Fair Assn. v. Davis,* 84 Ga. App. 572 (2) (66 SE2d 188), although the decision was based specifically on the general control of operations retained by the corporation putting on the fair. Here as in the *Davis* case the defendant has general control of the fair, including the type, location, and time of operation of concessionaires. It issued the invitation to the public, and operated on a division of profits basis. It therefore owed a duty to the public separate and distinct from the express promise given to the Coosa Valley Fair Association in its contract with them to exercise ordinary care to ascertain that the premises and concessions operated thereon were safe, and it could not as a matter of law divest itself of this responsibility by treating the concessionaires brought into the fair ground by it as independent contractors. The grant of the summary judgment was error.

■ The record before us contains, among other things, interrogatories of the plaintiff, objections thereto, two sets of answers, motions to compel further answer and for other relief,

three sets of depositions, motions in connection with the refusal of a witness on advice of counsel to answer certain questions, and various orders some of which relate to objections on interrogatories, some on deposition, and some on the motion to compel further answer. The 8 enumerations of error relating to action of the trial court either sustaining objections or refusing to compel further answer are entirely too indefinite to allow this court to identify them with any particular order, deposition, interrogatory or motion. The brief of counsel in dealing with these matters poses three abstract questions to which all enumerations presumably relate, but without citing pages of the record or quoting therefrom so that this court may identify the particular enumerations of error with the actual proceedings, and we are unable to follow the objections through the frequently two or three stage procedures which they underwent nor, in some cases, can we identify the argument as on a particular enumeration of error. "It becomes imperative that appellant provide the court with the means to find, in the lower court record or the transcript, the portions thereof material to a decision on the various enumerations of error presented" and when this is not done such enumerated errors will be disregarded. *Strickland v. English*, 115 Ga. App. 384 (2) (154 SE2d 710) and cit.

The trial court erred in sustaining the motion for summary judgment.

*Judgment reversed. Jordan, P. J., concurs. Quillian, J., concurs specially.*

QUILLIAN, Judge, concurring specially as to Division 1 of the opinion. The defendant contends that Jack Cook, d/b/a H. & J. Rides, was an independent contractor and therefore it was not responsible for the torts of H. & J. Rides. While the contract, between the defendant and H. & J. Rides, for the operation of the "Skyliner" designated H. & J. Rides as an independent contractor it contained the following provision: "Party of the Second Part [H. & J. Rides] agrees to accept passes on his rides issued by the Party of the First Part [Century 21 Shows, Inc.] *and to be governed by the rules and regulations set forth by management of the Party of the First Part.* Party of the Second Part is an independent contractor and pays rent to

the party of the First Part for space provided and shall be on the premises by the way of trade and not subject to levy against Party of the First Part."

It will be noted under the contract that H. & J. Rides was subject to the rules and regulations established by the defendant. There was no limitation as to when these rules could be made nor was there any limitation as to the subject matter they would encompass. Clearly the contract gave the defendant the right to control the time and manner of the operation of the "Skyliner." Whether the defendant may have exercised this right of control is not material in determining if an independent contractor status existed. *Yearwood v. Peabody*, 45 Ga. App. 451 (2) (164 SE 901); *Joiner v. Sinclair Refining Co.*, 48 Ga. App. 365 (172 SE 754).

Under the terms of the contract, H. & J. Rides was not an independent contractor and the defendant's contention is without merit.