43008. NOBLE v. STATE HIGHWAY DEPARTMENT.

PANNELL, Judge. 1. The failure of the notice of appeal to recite whether or not the transcript of evidence and proceedings will be filed for inclusion in the record on appeal, as required by Section 20 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 32), as amended by Section 8 of the Act of 1966 (Ga. L. 1966, pp. 493, 499) is not cause for dismissal of the appeal. The motion to dismiss is therefore overruled.

2. The various witnesses of the condemnor, about which complaint was made, all testified that they were familiar with land values in the area in question during the time in question and gave bases for their opinion as to the value expressed by them and were therefore qualified to express their opinions as to value (see *Code* § 38-1709) and such evidence had probative value. See *Southern Cotton Oil Co. v. Overby,* 136 Ga. 69, 72 (70 SE 664); *Crump v. Knox,* 18 Ga. App. 437 (3) (89 SE 586).

3. The enumeration of error complaining of the exclusion of evidence as to the *amount* received from sale of borrow pit rights on a portion of a piece of property allegedly comparable to

that being condemned does not show cause for reversal as the *amount* received sheds no light on the market value of the property. See *State Hwy. Dept. v. Musgrove,* 112 Ga. App. 801, 802 (5) (146 SE2d 550).

4. Error is enumerated on the charge of the court as to lack of fishing rights conveyed by an easement, which charge, no doubt, was given pursuant to a prior decision by this court in this same case holding in accordance with the charge given (see *State Hwy. Dept. v. Noble,* 114 Ga. App. 3 (4) (150 SE2d 174)), and the charge was therefore not error.

5. Error is enumerated upon the refusal of the trial court to permit the condemnee on cross examination to ask a witness of the condemnor whether or not he had ever testified on behalf of a condemnee in any of the State condemnation cases in that area. The brief of appellant and the enumeration of error totally failed to disclose any reference to the record or the transcript whereby the alleged error could be verified and a decision made thereon. Under these circumstances, this court must consider the enumeration of error as abandoned. *Strickland v. English,* 115 Ga. App. 384 (2) (154 SE2d 710). However, we do not deem it inappropriate to say that this same witness testified that he was being paid by the condemnor for his services. The alleged action of the trial judge under these circumstances probably was not an abuse of his discretion, and was not a harmful limitation upon the condemnee's right of cross examination.

6. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*

ARGUED SEPTEMBER 7, 1967—DECIDED DECEMBER 5, 1967—REHEARING DENIED DECEMBER 19, 1967—CERT. ■

*Hugh D. Wright, Edward Parrish,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, John A. Sligh, Jr., S. B. McCall, Virgil D. Griffis, B. B. Earle, Jr.,* for appellee.