## 43856.   COHEN v. GARLAND.

Argued September 9, 1968—Decided January 27, 1969—Rehearing denied March 11, 1969.

334

*George G. Finch, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith,* for appellant.

*E. G. Shaffer,* for appellee.

PER CURIAM. ■ ■ The grant of a partial summary judgment is an appealable order. *Code Ann.* § 81A-156(h). Where the plaintiff sues on a theory of money had and received by the defendant which was paid over in two sums, and the allegations of the petition affirmatively show that the plaintiff is not entitled to recover one of them, the amount which the plaintiff is entitled to recover becomes an issue in the case, and motion for summary judgment is a proper means of testing its validity.

■ Failure to properly identify the errors enumerated by references to pertinent portions of the record pagination is not a ground for dismissal of the appeal but may result in treating such enumerations of error as abandoned. *Hayes v. Century 21 Shows, Inc.,* 116 Ga. App. 490 (1) (157 SE2d 779). While this procedure should be followed in all instances, mere failure to give the page number where it is otherwise readily identified by reference to the index, will not preclude consideration of the enumeration of error complaining that an amendment was erroneously stricken. *Rainey v. Housing Authority of the City of Atlanta,* 114 Ga. App. 333 (151 SE2d 534).

■ One of the issues in this case is whether the plaintiff can recover from the defendant $5,000 which was paid the defendant by the plaintiff's father-in-law under the following circumstances as shown by the affidavits and depositions: the plaintiff testified that the defendant agreed to represent him in all criminal cases pending against him for the sum of $5,000, which the plaintiff paid the defendant the following day. Thereafter, whenever he

called the defendant he was not given advice but was asked for money. He contacted his father-in-law and found out that the latter had advanced an additional $5,000 to the defendant. The defendant on being reminded of this by the plaintiff acknowledged receipt of the sum but stated that he needed an additional $15,000. On cross examination the plaintiff stated that the second $5,000 payment did not come from him and was not his money. His wife testified that the $5,000 was not her money, that it was paid by her father and she assumed it was his. The father testified: "I want you to know that this $5,000 that I gave Mr. Garland was my own personal money that I worked hard for all of my life and saved, and I expect Leon to pay that back to me"; that the defendant had called him demanding $25,000 and that he sold some personal stock to raise the $5,000 which he paid over on the defendant's agreement to take certain immediate action in the case. Since the facts show that no question of agency was involved, whether or not the plaintiff afterward ratified his father's separate agreement with the defendant and agreed to pay back the money is of no consequence. *Estes v. Thompson,* 90 Ga. 698 (3), supra. Summary judgment was properly granted as to $5,000 of the recovery sought.

■ This petition was originally brought on the theory of money had and received to recover money paid the defendant by the plaintiff for services which the defendant allegedly refused to perform. This was a proper form of pleading under the rules existing in December, 1962, the date of filing. See *Broome v. Cavanaugh,* 102 Ga. App. 560 (116 SE2d 881). It was an ex contractu action, since a suit for money had and received must grow out of privity of contract, express or implied. *Stein Steel & Supply Co. v. K & L Enterprises,* 97 Ga. App. 71, 73 (102 SE2d 99). In October, 1967, it was amended by allegations that the defendant at the time he entered into the contract, had no intention of performing it, and on the theory of fraud and deceit plaintiff sought additional punitive damages. While former *Code* § 3-113 forbidding the joinder of ex delicto and ex contractu actions was repealed (*Code Ann.* § 81A-201 (a)) and the new Civil Practice Act (*Code Ann* § 81A-108 (e) (2)) allows the joinder of claims regardless of consistency, either

in the original petition or, under *Code Ann.* § 81A-115 (c) by amendment, *Code* § 20-1405 forbidding exemplary damages in cases arising on contracts did not suffer the sudden death inflicted on *Code* § 3-113. "Exemplary" and "punitive" damages relate to the same thing. *Interstate Life & Acc. Co. v. Brewer,* 56 Ga. App. 599, 609 (193 SE 458). With the amendment the claim is inconsistent to the extent that it remains an ex contractu action in which a part of the damages sought are not recoverable. Additionally, it sets up a claim sounding in tort for fraud in the inducement of the contract. *Commercial City Bank v. Mitchell,* 25 Ga. App. 837 (3) (105 SE 57); 10 ALR Anno. p. 756. Such situations may be expected to arise under our present system of notice pleading, where the issues are to be set not so much in the pleadings themselves as in later steps of the case including pretrial orders. *Bourn v. Herring,* 225 Ga. 67 (3) (166 SE2d 89).

The defendant contends, however, that since at the time the petition was filed the former rule against joinder of ex contractu and ex delicto actions existed, the plaintiff elected his remedy and should not now be allowed to change horses in the middle of the stream. That this was formerly the law, see *Evans v. C. & S. Bank,* 206 Ga. 441, 448 (57 SE2d 541). The question then seems to be whether an election of remedy made at a time when it would have been conclusive, but which is no longer conclusive of the issue, is substantive or procedural. See *Scott v. Oxford,* 105 Ga. App. 301, 305 (124 SE2d 420). We feel that it must be treated as procedural on two grounds. First, our courts have in effect decided the question, since under *Hill v. Willis,* 224 Ga. 263 (1) (161 SE2d 281), this court is to apply the law as it exists at the time of the decision, a rule held applicable to the doctrine of election of remedies in *Bacon v. Winter,* 118 Ga. App. 358 (163 SE2d 890). See also *Bazemore v. Burnet,* 117 Ga. App. 849, 851 (161 SE2d 924): "The Civil Practice Act may be applied on appeal in reviewing a judgment of the trial court rendered under the former procedure in cases filed prior to the effective date of the Act."

Secondly, we are at liberty to extrapolate from decisions construing substantially identical Federal Rules of Civil Procedure in arriving at an interpretation of their meaning and effect

(Brown v. Ripley, (Fla.), 119 S2d 712) and Rule 8 (e), U. S. C. A., which is identical with *Code Ann.* § 81A-108 (e) is construed by the Federal courts to be procedural rather than substantive since it is applied in diversity of citizenship cases regardless of whether or not such procedure is permissible under state law. Paxton v. Desch Building Block Co., 146 FSupp. 32; Boulevard Airport, Inc. v. Consolidated Vultee Aircraft Corp. 85 FSupp. 876; Blazer v. Black, 196 F2d 139; Neumann v. Bastian-Blessing Co., 71 FSupp. 803; Herlihy Mid-Continent Co. v. Bay City, 293 F2d 383; Stewart v. Shanahan, 277 F2d 233. See also Hanna v. Plumer, 380 U. S. 460 (85 SC 1136, 14 LE2d 8).

Being, therefore, unable to reach any conclusion other than that the change in the law in regard to pleading actions sounding simultaneously or alternatively in tort and contract is procedural and goes only to the remedy, we must bring this decision within the ambit of that part of *Code* § 102-104 specifying that "laws looking only to the remedy or mode of trial may apply to contracts, rights, and offenses entered into or accrued or committed prior to their passage." In the same vein, Section 86(b) of the amendment to the Civil Practice Act (Ga. L. 1968, pp. 1104, 1109) provides: "This Act shall also be applied retroactively by the trial and appellate courts where the effect thereof is to render valid something which was not valid when done, but this Act shall not be applied retroactively when the effect would be to render invalid something which was valid when done, or where such application would impair vested rights or otherwise be in violation of the Constitution." We cannot accept the contention that the plaintiff, by pleading under the former law at the time when it was in effect, vested in the defendant any right to insist upon such election as the law of the case, particularly in view of *Code Ann.* § 81A-160 (h) generally abolishing the law of the case rule.

It follows that the amendment should not have been dismissed as not germane, or because the plaintiff is barred from recovering punitive damages. This does not mean that the plaintiff is entitled to punitive damages on an action ex contractu, but merely that he has a right to pursue contradictory claims so far as the pleading stage of this litigation is concerned.

*Judgment affirmed in part; reversed in part.  Felton, C. J.,
Bell, P. J., Hall, Deen and Quillian, JJ., concur.  Jordan, P. J.,
Eberhardt and Whitman, JJ., dissent to Division 3.  Pannell, J.,
dissents.*

WHITMAN, Judge, concurring in part and dissenting in part.
As stated in the majority opinion, plaintiff Cohen sued the defendant Garland for $10,000 as money had and received, alleging that this sum had been paid on the defendant's agreement to represent the plaintiff as his attorney in certain criminal cases pending against him; that defendant performed no services, rescinded the contract, and refused to refund the fee.  This suit was filed December 28, 1962.  Thereafter on October 11, 1967, and after September 1, 1967, the effective date of the Civil Practice Act, plaintiff amended the complaint to allege that at the time defendant accepted the money he did not intend to represent the plaintiff as he had led him to believe and that defendant's actions entitle the plaintiff to punitive damages in the sum of $100,000.  A motion to dismiss the amendment was filed on the grounds that its paragraphs are immaterial, irrelevant, and not germane to any issue; that plaintiff has elected his remedies, and that he is not entitled to punitive damages.  The defendant also moved for summary judgment on the ground, among others, that the liability of the defendant cannot exceed the sum of $5,000.  Both motions were sustained, and the plaintiff appeals.  The defendant did not appeal or file a cross appeal.

■  This court by the majority opinion holds that summary judgment was properly granted in favor of defendant and against plaintiff as to $5,000 of the recovery sought, and affirms the judgment of the trial court in that respect.  In this judgment I concur.

■  As to the claim for punitive damages, this court by the majority opinion holds that the amendment should not have been dismissed as not germane, or because the plaintiff is barred from recovering punitive damages, and adds, "This does not mean that the plaintiff is entitled to punitive damages on an action ex contractu, but merely that he has a right to pursue contradictory claims so far as the pleading stage of this litigation is concerned."  I dissent from this judgment.

It is my view that the trial court did not err in dismissing the amendment relating to claimed punitive damages, and accordingly that the judgment of the trial court in that respect should be affirmed.

Plaintiff's original complaint is predicated on the theory of money had and received, paragraph 13 thereof expressly alleging: "Plaintiff avers this is an action for money had and received, which plaintiff, ex aequo et bono, is entitled to recover and which the defendant is not entitled to retain," etc. This claim is an action ex contractu. *Teem v. Ellijay,* 89 Ga. 154 (2) (15 SE 33) ; *Houze v. Blackwell,* 20 Ga. App. 438, 439 (93 SE 16). See also *Hutchens v. Seaboard A.-L. R.,* 144 Ga. 312 (87 SE 28) ; *Martin v. Newberry,* 169 Ga. 676 (151 SE 380) ; *Bigby v. Bigby,* 213 Ga. 648 (100 SE2d 734) ; *Perry v. Griffin,* 39 Ga. App. 170 (146 SE 567).

The original complaint prayed for judgment against the defendant in the sum of $10,000, plus interest. The amendment added four additional paragraphs, numbered 14, 15, 16 and 17, alleging, among other things, that plaintiff was entitled to punitive damages for fraud and deceit, and that plaintiff should recover punitive damages in the amount of $100,000 "in order to deter defendant from similar conduct in the future," and in the last paragraph thereof, numbered 17, "petitioner asks that *in addition to the damages heretofore · prayed,* he recover $100,000 punitive damages." (Emphasis supplied.)

Plaintiff did not by said amendment undertake to change the original complaint or the theory on which the original complaint was based; that is, for money had and received, a suit based on an implied contract, or the theory thereof as an action ex contractu. While it is recognized that under the Civil Practice Act a cause or causes of action arising ex contractu may be joined with a cause or causes of action arising in tort or ex delicto, and that even the same cause of action by election may proceed under either or both of the theories of contract and tort liability, this is not the state of the pleadings in the case sub judice. The amendment did not seek to convert nor did it convert the original complaint into · an action ex delicto. See *Bigelow-Sanford Carpet Co. v. Goodroe,* 98 Ga. App. 394, 402

(106 SE2d 45). It merely sought to add additional damages as punitive damages to an action brought on the theory of implied contract obligation and prayed for additional damages which as a matter of substantive law cannot be recovered in an ex contractu action. *Code* § 20-1405 provides that exemplary damages can never be allowed in cases arising on contracts. In the majority opinion it is recognized that "exemplary" and . "punitive" damages mean the same thing, and it is in effect therein stated that the original complaint remains as an ex contractu action, and it is further stated in the opinion reversing the judgment of the trial court in dismissing the amendment that "this does not mean that the plaintiff is entitled to punitive damages in an action ex contractu." It is also stated in the opinion that *Code* § 20-1405 "did not suffer the sudden death inflicted on *Code* § 3-113," which relates to joinder of causes of action and which was repealed by the Civil Practice Act. Moreover, the forms set forth in the Civil Practice Act clearly recognize the distinction between actions ex contractu and actions ex delicto.

It is the writer's view that the question here involved is not one merely of a procedural nature, but rather of substantive law in respect of measure of damages in a contract case, and that while under the former law a suit seeking a wrong measure of recovery is subject to attack only by special demurrer (see *Hodges v. Ga. Kaolin Co.*, 108 Ga. App. 115 (132 SE2d 86); *Strickland v. Flournoy*, 95 Ga. App. 315 (97 SE2d 638)), the attack against the amendment as here made was properly the subject matter of a motion to strike or a motion to dismiss, demurrers having been abolished by the Civil Practice Act.

I would affirm the trial court on both of the judgments appealed from.

I am authorized to state that Presiding Judge Jordan and Judge Eberhardt concur in this view of the matter.

PANNELL, Judge, dissenting. I must dissent from any rulings on the merits of the enumerations of error for the reason that the brief of the appellant makes not a single reference to the pages in the record (there is no transcript of proceedings) where pleadings, demurrers, motions and orders, evidence and other

matters necessary to a determination of and a decision on the enumerations of error may be found. Under these circumstances the enumerations of error will be considered as abandoned and no determination made thereof other than to affirm the trial judge. See in this connection *Crider v. State,* 115 Ga. App. 347 (154 SE2d 743), in which this court, speaking through Judge Frankum, and concurred in by Chief Judge Felton and the writer, first established this principle by judicial decision. Subsequently, this court has made the same determination in a number of cases (*Strickland v. English,* 115 Ga. App. 384 (2) (154 SE2d 710); *Robertson v. Gore,* 115 Ga. App. 537 (3) (154 SE2d 748); *Millhollan v. Watkins Motor Lines,* 116 Ga. App. 452, 457 (157 SE2d 901), in which it was said: "This court will not be required to search the entire record to determine the subject matter about which the appellant seeks to complain"; *Hayes v. Century 21 Shows, Inc.,* 116 Ga. App. 490 (2) (157 SE2d 779); *Noble v. State Hwy. Dept.,* 117 Ga. App. 33 (5) (159 SE2d 715); *Bode v. Northeast Realty Co.,* 117 Ga. App. 226 (1) (160 SE2d 228); *Brickle v. Ford Motor Credit Co.,* 117 Ga. App. 557 (161 SE2d 424); *Hall v. State,* 117 Ga. App. 649 (1) (161 SE2d 374); *Jenkins v. Raiford,* 117 Ga. App. 658 (2) (161 SE2d 405). The record in the present case consists of 245 pages of pleadings and various other matters, including motions, objections and orders, affidavits and depositions. Attached to the record is an index consisting of three pages and twenty-eight items, item seven of which is "plaintiff's amendment, filed on October 11, 1967 [page] 25." The majority, as authority for not following these cases avoided their application by stating that since the location of the amendment can be readily ascertained from the clerk's index the ruling in *Rainey v. Housing Authority of the City of Atlanta,* 114 Ga. App. 333 (151 SE2d 534) applies. My answer to this is:

■ In *Rainey v. Housing Authority* the record was eighteen pages, and consisted only of the pleadings, demurrers and orders, *all of which* it was necessary to consider in passing upon the enumerations of error. We may have been wrong in that case inasmuch as the abandonment of an enumeration by failure to refer to the record or transcript probably should constitute an abandonment regardless of the number of pages.

■ In placing the determination of whether a party has abandoned his enumerations of error upon the extent to which the lower court clerk indexes the record sent to this court is permitting the clerk, rather than the appellant, to determine when an appellant abandons an enumeration of error. Whether an appellant has abandoned an enumeration of error is determined by the acts of the appellant, not the acts of the clerk of the lower court; neither can the act of the clerk of the lower court convert an abandoned enumeration into one not abandoned. If we feel that the rulings in the cases cited be wrong, then let us overrule them, not ignore them by distinctions which cannot, in all good reason, be supported.

### On Motion to Rehear

It is vigorously contended by the defendant that the opinion of the majority in this case is an unconstitutional application of the law in that a tort action based on fraud and seeking punitive damages is a separate claim, even though based on the same transaction, from the claim originally set out in this petition and which was based on implied contract for money had and received. With this latter statement we readily agree, but under *Code Ann.* § 81A-115(c) a new claim referring to the same fact transaction, unless it violates Constitutional inhibitions, may be added by amendment and when so added will relate back to the date of the original pleading. The defendant further contends that since the transaction complained of took place on January 22, 1959, and was subject to a four-year statute of limitation insofar as the defendant's alleged tortious misconduct was concerned, this right of action expired in 1963, over two years prior to the effective date of the Civil Practice Act. Prior thereto, of course, no such amendment could have been filed because it would have constituted a new cause of action. That there is merit in this contention is shown by *Dixie Construction Co. of Ga. v. Williams,* 95 Ga. App. 767, 770 (98 SE2d 582), which states: "Statutes of limitation look only to remedy and not to substantive rights, and, *unless the cause of action is barred at the time of the passage of the act extending the statute of limitation,* it will be effective." (Emphasis sup-

plied). To the same effect see Valleytown Tp. v. Women's Catholic Order of Foresters, 115 F2d 459; Siefkin v. Siefkin, 92 P2d 1005; Peninsula Produce Exchange v. New York P. & N. R. Co., 152 Md. 594 (137 A 350) ; Haase v. Sawicki, 20 Wis. 2d 308 (121 NW2d 876) ; Campbell v. Holt, 115 U. S. 620 (6 SC 209, 29 LE 483). It is also true that a plea of the statute of limitation is a plea in bar of recovery. *Barnwell v. Hanson,* 80 Ga. App. 738, 745 (57 SE2d 348).

A plaintiff may not wait until the new cause of action attempted to be set up in the amendment is barred, and thereafter contend that the amendment relates back to the filing of the original action. *Addington v. Ohio Southern Express,* 118 Ga. App. 770 (165 SE2d 658). The difficulty with the defendant's position here is that the defense of statute of limitation must be specially pleaded. *Code Ann.* § 81A-108(c). The defendant's objection to the allowance of the plaintiff's amendment did not raise the issue of statute of limitation, nor are we passing on such issue. It was not before the trial court at the time and is not before us now.

## On Motion to Rehear.

Whitman, J. I concur in the additional opinion on Motion to Rehear insofar as it constitutes a judgment denying the motion for rehearing. I do not agree with the opinion on the motion for rehearing which appears to hold that the amendment of plaintiff in the court below of October 11, 1967, converted the original complaint sounding in contract into a new cause of action ex delicto as to the amount of $10,000 sued for in the original complaint, together with the claim for punitive damages. It is my view that the amendment merely undertook to add punitive or exemplary damages to the original ex contractu complaint; and, therefore, I would deny the motion for rehearing filed by appellee Garland, defendant in the court below, and adhere to the writer's opinion concurring in part with and dissenting in part from the original opinion on appeal.