## 44271. PHARO et al. v. TRAVELERS INSURANCE COMPANY.

Deen, Judge. The plaintiffs Pharo sustained certain personal injuries and damage to their automobile in a collision with the Harrells against whom they subsequently filed suit. State Farm Mutual Automobile Insurance Company, plaintiffs' collision insurer, paid them $985 representing the collision damage less $50 deductible and received a loan receipt signed by Pharo which recited "any money paid me by other participant in loss is held in trust pending instructions by Insurance Company" to the extent of the net recovery on collision loss. Thereafter the Harrells and their insurance carrier, Travelers Insurance Company, agreed to a settlement of the total loss for $4,500 including property damage, tendered a draft made out to the Pharos, their attorney and State Farm Mutual, and received a release of all claims resulting from the collision. A dispute subsequently developed between the Pharos and State Farm as to whether "net recovery" meant the amount of the loan receipt or the amount less attorney fees, plaintiffs' attorney receiving ⅓ of the total collected. At this point plaintiffs sued both insurance companies, tendered back the draft, and sought $100,000 in punitive damages and attorney fees for alleged bad faith and conspiracy between the insurers as a result of which State Farm Mutual was illegally made a payee on the draft. The money was paid into court, State Farm settled for 2/3 of the amount of its loan receipt and was dropped as a party defendant, and the jury found for the defendant Travelers Insurance Company against the accusation that it had acted in bad faith. *Held:*

1. Under the new Civil Practice Act it is not ground for objection that the petition combines elements of both tort and contract. See *Cohen v. Garland,* 119 Ga. App. 333.

2. That the tortfeasor or its insurer may be liable where, with notice of the collision insurer's claim for subrogation, it pays the injured party directly, see cases from other jurisdictions grouped in 92 ALR2d, Anno., pp. 102, 124, § 5. "By an assignment insurer acquires the equitable right to share in any recovery insured might obtain against the wrongdoer for the property damage." 46 CJS 159, Insurance, § 1209. The plaintiff here agreed to hold *in trust* for the collision insurer, funds paid him by the tortfeasor as a result of the collision

and thereafter executed a release of all claims against the tortfeasor in return for a draft which he knew at the time included the name of the collision insurer as a joint payee. Nothing further appearing from the evidence on the trial of the case, it is obvious that the defendant Travelers was not liable in contract for bad faith in the transaction out of which the cause of action arose, or in tort for damages beyond its policy liability.

3. Since the loan receipt from Pharo to State Farm Mutual referred only to "net recovery" and specified that Pharo should prosecute his action against the tortfeasor · "at the expense . . . of said insurance company," the deduction of the proportionate expenses for attorney fees incurred by the plaintiffs which resulted in the final settlement were properly borne by State Farm Mutual. The issue of bad faith on the part of this company in its initial refusal to sign the draft made out by Travelers to it and the plaintiffs jointly is, however, not before us since the plaintiffs did not make this defendant a party to the appeal in this court.

4. The verdict as rendered was demanded by the evidence and was not affected by either the erroneous ruling on demurrer or the instructions given the jury. *Ga. Power Co. v. City of Decatur*, 181 Ga. 187 (4) (182 SE 32).

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED FEBRUARY 4, 1969—DECIDED FEBRUARY 28, 1969.

*Marson G. Dunaway, Jr.,* for appellant.

*Neely, Freeman & Hawkins, Thomas H. Harper, Jr.,* for appellees.