A08A0516. IN RE ESTATE OF MOORE.
(664 SE2d 259)

MILLER, Judge.

This is a fee dispute between Jack E. Dodd, a previous administrator of the estate of Charles E. Moore II, and the immediately succeeding administrator, Richard C. Bellows. Dodd filed a motion in the Probate Court of Hall County to compel Bellows to pay, on behalf of the estate, Dodd's bill for services as "administrator/trustee" in the amount of one half of one percent of the estate's value. The trial court denied the motion, and Dodd appeals, claiming that the trial court erred in ruling that no trust had been established, no trustee appointed, and that therefore there was no trust instrument to set the trustee's compensation. Because Dodd failed to establish he was entitled to compensation for acting as trustee in addition to the compensation he received as the estate administrator, we affirm.

The record shows that Moore died testate on April 1, 1998, and was survived by his two minor children. He willed all of his property to his sister, Pam Reynolds, as trustee, to be divided into as many equal shares as he had living children and deceased children with living lineal descendants. The living children's shares were to be

distributed to each child at the age of 21.[1] The trustee was allowed to encroach upon and distribute the corpus of the trust to the children as their needs arose. The trustee was also required to make an annual report to each child as to financial transactions during the year. Both Reynolds and Johnson, who had been appointed as the alternate trustee, renounced their trustee nominations.

The executrix, Glenna Moore, petitioned to probate the will in solemn form and was granted letters testamentary. After Glenna Moore died, her attorney filed a petition asking the probate court to, among other things, (i) appoint a substitute executor who could qualify for "Letters of Administration with Will Annexed (Will Previously Probated)," and (ii) appoint a substitute trustee under the will. The substitute trustee was for "a guardian of the property who would administer the Trust when the assets of the estate are transferred into the Trust by the Executor."

On December 15, 2000, the probate court ordered that "Letters of Administration with the Will Annexed and Trustee" be issued to G. Donald Pulliam. Dodd succeeded Pulliam as administrator C. T. A.[2] pursuant to an order of the probate court dated December 19, 2003. Dodd filed a petition for discharge on December 19, 2006.[3] By order dated December 21, 2006, the probate court ordered that Bellows be appointed estate administrator.

Dodd subsequently filed his final return indicating that, among other things, he had paid himself fees from the assets of the estate of $263.84 and $1,998. He also filed a motion with the probate court complaining that he had sent Bellows "a bill for one-half of one percent fees as provided by law"; that Bellows had refused to pay the bill on behalf of the estate; and asking the court to compel Bellows to pay the fees. Following a hearing, the trial court denied the motion.

At issue is whether Dodd is entitled to additional compensation for acting as the trustee of the trust established by Moore's will. As a general rule, "[t]rustees shall be compensated in accordance with either the trust instrument or any separate written agreement." OCGA § 53-12-173 (a). If the trustee's compensation is not so specified, then "the trustee, for services rendered, shall be entitled to the same compensation as conservators receive for similar services

---

[1] If the children fail to reach the age of 21 and leave no lineal heirs, the will bequeaths the property to Reynolds and Sandra Johnson. The trust contemplates a distribution to Reynolds and Johnson in such event.

[2] Cum testamento annexo, or "[a]dministration with the will annexed." Black's Law Dictionary, p. 455 (4th ed.). "An administrator with the will annexed shall have all rights, powers, privileges, exemptions, and immunities of the executor, including the dispensation by the testator of the necessity of making inventory and returns." OCGA § 53-7-3.

[3] The final order discharging Dodd "from office and all liability" was filed on August 28, 2007.

as set forth in Code Section 29-5-50." OCGA § 53-12-173 (b). In turn, OCGA § 29-5-50 (a) (2) provides that conservators shall be entitled to "[a]n additional commission equal to one-half of 1 percent computed on the market value of the estate as of the last day of the reporting period. This commission shall be proportionately reduced for any reporting period of less than 12 months." Dodd contends that he served as trustee for the trust established by Moore's estate, and that because compensation for the trustee is not provided in that instrument or by a separate written agreement, he is entitled to additional compensation as provided in OCGA § 29-5-50.

The flaw in Dodd's argument is that assets were never transferred from the estate to the trust contemplated by Moore's will. The application under which Dodd's predecessor, Pulliam, was appointed administrator and trustee showed that the need for Pulliam to act as trustee was contingent upon the transfer of the assets of the estate to the trust created under Moore's will. This is consistent with the case law.

Generally,

> [o]ne who is a testamentary trustee as well as executor holds the funds as executor until his final account as such is settled, and he can not properly assume the rights and duties of trustee until the court has approved his accounts and ordered a distribution of the estate.

(Citation and punctuation omitted.) *Evans v. C & S Nat. Bank*, 206 Ga. 441, 450 (57 SE2d 541) (1950). "[I]f an executor is also the designated trustee under a will he comes into possession as executor, . . . his election afterward to hold as trustee must be manifested by some plain and unequivocal act." (Citation and punctuation omitted.) *Perdue v. McKenzie*, 194 Ga. 356, 363 (21 SE2d 705) (1942).

In this case, neither Pulliam nor Dodd manifested any plain or unequivocal act to hold the property as trustee. All of the returns filed with the probate court indicate that the receipts and disbursements are from the estate, not the trust. The property of the estate is not shown to have been expressly transferred to the trust.[4] Nor did either Pulliam or Dodd attempt to "make an annual report to each child" as contemplated by the trust established under the will.

Dodd points out that while property of the estate may pass to the beneficiaries by express assent of the personal representative, such assent "may be presumed from the conduct of the personal repre-

---

[4] See OCGA § 53-8-15 (b) ("[a]ssent should be evidenced in writing as a deed of conveyance to real property, bill of sale conveying tangible personal property, or an assignment or transfer of interests in intangible personal property").

sentative." OCGA § 53-8-15 (b). However, the conduct of Pulliam and Dodd did not demonstrate their assent to the property of the estate being passed to the trust. Dodd claims that payments made to benefit the children could only have been made from the trust, but these payments began with Pulliam's petition to invade the corpus of the *estate*, not the trust. Nor can we conclude, as Dodd argues, that Pulliam's investments were consistent only with investments by a trustee.

Finally, Dodd contends that by refusing to recognize a trust, the trial court has frustrated the purposes of the testator. We fail to see, however, how the trial court's ruling on this fee dispute has any such effect. While Moore established a trust under his will and directed his property be left to the trust, any failure to transfer assets to the trust lies with the administrators of Moore's estate and not the trial court.

In light of the foregoing, the trial court did not err in denying Dodd's motion for additional fees.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 25, 2008.

*Jack E. Dodd*, pro se.
*Richard C. Bellows*, pro se.